RAY RATH et al. v. STATE.

No. A.-8686.   Aug. 25, 1934.
Rehearing Denied Sept. 14, 1934.
(38 Pac. [2d] 963.)

Moman Pruiett and Victor Sniggs, for plaintiffs in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen. (J. H. Lawson, of counsel), for the State.

CHAPPELL, J.   This case was prosecuted in the district court of McClain county on an information filed by the county attorney charging plaintiffs in error, hereinafter called defendants, and one Walter Philpot with the crime of grand larceny.   At the time of trial, Philpot had not been arrested, but defendants Messic and Rath were tried, found guilty as charged, and the punishment of each fixed by the jury at imprisonment in the state penitentiary for a period of five years.

It is first contended the evidence is insufficient to support the verdict of the jury.

In substance, the evidence of the state was that a set of harness belonging to one Kilgore was stolen in McClain county, taken to the home of defendant Rath and by him removed to the farm of Moman Pruiett, and there secreted. The defense was an alibi.

When all of the facts and circumstances in evidence are considered together, the state's proof is sufficient to support the verdict of the jury.

It is next contended the court erred in admitting the evidence of the absent witness, Willie Wilson.

It appears from the record this witness testified in the preliminary, but had disappeared shortly before the trial; that the state had a subpoena issued and the sheriff upon investigation learned the witness was in Dallas, Tex. A transcript of the evidence taken at the preliminary and showing opportunity for defendants' counsel to cross-examine was read to the jury. Under the showing made by the state, this evidence was properly admitted.

It is next contended the court erred in excluding competent testimony.

The particular complaint is that the court erred in refusing to permit defendants to show the witness Willie Wilson had made contradictory statements to that set forth in the transcript of his testimony taken at the preliminary.

Contradictory statements made by any witness are admissible in evidence for the purpose of impeaching him, and it is proper to show statements of the witness made out of court to affect his credibility. Sturgis v. State, 2 Okla. Cr. 362, 102 Pac. 57; Smith v. State, 3 Okla. Cr. 629, 108 Pac. 418.

The evidence excluded was not sufficient to cause an acquittal of defendants, but might have influenced the jury in fixing the punishment. For that reason, the judgment will be modified and the punishment of each of the defendants reduced from imprisonment in the state penitentiary for a period of five years to three years, and, as modified, the cause is affirmed.

DAVENPORT, J., concurs. EDWARDS, P. J., not participating.