**Timothy L. PERRY and Kaye Perry, Plaintiffs-Appellants,**

v.

**Ian WINSPUR, M.D. and Thomas C. Sumners, M.D., Defendants-Appellees.**

No. 83–1778.

United States Court of Appeals, Tenth Circuit.

Jan. 28, 1986.

Roger T. Castle, Denver, Colo., for plaintiffs-appellants.

Collie E. Norman, Johnson, Mahoney and Scott, Denver, Colo., for defendants-appellees.

Before McKAY and BALDOCK, Circuit Judges, and BREITENSTEIN *, Senior Circuit Judge.

BALDOCK, Circuit Judge.

## I. Introduction

In July, 1978, plaintiff-appellant Timothy L. Perry sustained injuries to his legs and hands when the rocket-powered exhibition car he was operating crashed at the Bandimere Speedway near Morrison, Colorado. The fuel used by this car contained a solution of 90 percent hydrogen peroxide. Appellants filed suit in federal district court on May 7, 1980, alleging that the hydrogen peroxide fuel came in contact with appellant Perry's skin and that appellees Ian Winspur and Thomas C. Sumners, treating physicians and Board certified plastic surgeons, failed to care for his injuries adequately by not immediately flooding the exposed areas with water. An eight day jury trial commenced on May 11, 1983, and concluded in a verdict for the physicians.

The sole issue on appeal is whether the district court committed reversible error by allowing three experts to testify for the defense. Because appellants were neither surprised nor prejudiced by the district court's ruling on this matter, the jury's verdict is affirmed.

Appellants object to the district court's ruling which allowed certain testimony by Dr. Richard Albin, a plastic surgeon, Dr. Larry Fisher, an infectious disease specialist, and Dr. Daniel Teitelbaum, a toxicologist. Dr. Teitelbaum testified about the effects of hydrogen peroxide on human flesh and the protective capabilities of Timothy Perry's suit; Dr. Albin also testified about the effects of hydrogen peroxide on flesh; and Dr. Fisher testified that the defendant physicians did not breach the relevant standard of care. It is appellants' position that such testimony was prohibited by pretrial orders. In particular, appellants contend that they had not been advised that Dr. Albin would testify concern-

ing the effects of hydrogen peroxide on human flesh, that Dr. Fisher would testify about the appropriateness and adequacy of the care provided by the defendant physicians, or that Dr. Teitelbaum would be called as an expert at all.

 It is well established that unless the court modified its pretrial order, the parties are bound to its contents and may not contradict its terms. 3 J. Moore, Moore's Federal Practice § 16.19 at 16–63 (2d ed. 1985); *Air-Exec, Inc. v. Two Jacks, Inc.,* 584 F.2d 942, 944 (10th Cir.1978); Fed. R.Civ.P. 16. This rule, of course, applies to those portions of pretrial orders which list the witnesses and describe the testimony each party may use. Nevertheless, the decision to allow or prohibit testimony or witnesses not described or listed in the pretrial order rests with the sound discretion of the trial judge and will not be disturbed except for abuse of discretion. *Lentsch v. Marshall,* 741 F.2d 301, 306 (10th Cir.1984).

In determining whether a district court has abused its discretion, the following factors should be considered:

(1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rules against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in court, and (4) bad faith or willfulness in failing to comply with the court's order.

*Smith v. Ford Motor Co.,* 626 F.2d 784, 797 (10th Cir.1980), *quoting Meyers v. Pennypack Woods Home Ownership Ass'n,* 559 F.2d 894, 904–05 (3d Cir.1977). It is apparent from an application of these factors to the facts and circumstances of this case that the trial judge did not abuse his discretion. The factors concerning each witness will be discussed separately below.

## II. Discussion

### A. Dr. Richard Albin

 The Amended Pretrial Report, filed May 9, 1983, listed Dr. Albin as an expert

---

* Judge Breitenstein heard oral argument but did not participate in this opinion.

witness for defendants. He had been generally endorsed to testify about the standard of care for plastic surgeons. At trial, Dr. Albin was qualified as an expert in the area of plastic surgery and burn treatment. In the Pretrial Statement, filed September 21, 1981, he was listed as a witness for St. Anthony Hospital Systems and his expected testimony was described to include the standard of care for the treatment of chemical burns. The district court permitted Dr. Albin to testify about the effects of exposure to 90 percent hydrogen peroxide on skin. Appellant objects to this testimony on two grounds: Dr. Albin had not been endorsed as an expert on hydrogen peroxide nor was he qualified to give such testimony.

The purpose of disclosing the topic on which an expert is expected to testify is to minimize surprise at trial. The primary issue involved in this case concerned whether Timothy Perry suffered chemical burns as a result of exposure to a 90 percent concentration of hydrogen peroxide and the appropriate treatment for such exposure. We fail to see how appellants could have been justifiably surprised by Dr. Albin's testimony given the nature of the issue involved and his endorsement. Any discussion of the proper treatment for exposure to a chemical would necessarily involve the effects of exposure to that chemical. Pretrial orders should be construed liberally to embrace topics inherent in the expected testimony described therein. *See generally Lurch v. United States,* 719 F.2d 333, 339 (10th Cir.1983). Appellants were adequately apprised of the expected testimony of Dr. Albin, and the district court did not abuse its discretion by permitting such testimony.

As a plastic surgeon and an expert in the treatment of burns, it was not unreasonable for the district court to permit Dr. Albin to testify as he did despite his limited knowledge of and experience with high concentrations of hydrogen peroxide. The degree of expertise or knowledge affects credibility, and appellants had every opportunity to challenge Dr. Albin's credibility during cross-examination. The district court's ruling on this matter was proper.

### B. *Dr. Larry Fisher*

During trial, Dr. Fisher was permitted to testify that the defendants did not breach the appropriate standard of care while treating Timothy Perry. Dr. Fisher was initially listed as an expert witness for St. Anthony Hospital Systems in its September 21, 1981, Pretrial Statement. His expected testimony was described to include his examination, care and treatment of Mr. Perry as well as his knowledge of the accepted standard of care for the treatment and care of chemical burns. Appellants concede that they had anticipated calling Dr. Fisher to testify about the infection in Timothy Perry's legs. Dr. Fisher was later listed as a witness in the May 9, 1983, Amended Pretrial Order, and appellees advised appellants of their intention to call Dr. Fisher by letter dated April 29, 1983. Appellants had ample opportunity to prepare for Dr. Fisher's testimony and were not prejudiced by the district court's ruling allowing such testimony.

### C. *Dr. Daniel Teitelbaum*

Dr. Teitelbaum testified that Mr. Perry's injuries were primarily thermal burns and that there was "a very small probability of any significant injury" due to exposure to hydrogen peroxide. In arriving at that conclusion, he discussed the properties of Mr. Perry's protective suit. He also testified that appellants' treatment for Mr. Perry's injuries was reasonable and proper. Appellants object to the district court's ruling which permitted Dr. Teitelbaum to testify despite not being listed in the Amended Pretrial Order.

Dr. Teitelbaum was initially listed as a witness in St. Anthony Hospital Systems' September 21, 1981, Pretrial Statement and was expected to testify about the nature of hydrogen peroxide and the accepted standard of care for the treatment of hydrogen peroxide burns. Appellant concedes that Dr. Teitelbaum's name appeared in the initial Pretrial Order. On April 11, 1983, appellant moved to amend the Pretrial Order so as to include additional witnesses and exhibits. While the Pretrial Order was being redrafted, appellees requested that the Amended Pretrial Order provide that any

party could call any witness listed by any other party. The Amended Pretrial Order contains this provision. St. Anthony Hospital Systems had been dismissed from the suit in March, 1982, and Dr. Teitelbaum's name was omitted from the Amended Pretrial Order. Noting this omission, appellees advised appellants by letter dated April 29, 1983, that they intended to call Dr. Teitelbaum and described the nature of his expected testimony.

Being aware of this procedural background, the district court found that the provision relating to calling witnesses by any other party was ambiguous and that the April 29th letter clarified appellees' intentions. It also found that there was no surprise, but advised appellants that they would be given additional time to prepare for cross-examination if it would be needed. Appellants were given additional time to review Dr. Teitelbaum's files.

In view of these circumstances, it was not an abuse of discretion for the district judge to permit Dr. Teitelbaum to testify. Courts should not be inflexible in interpreting pretrial orders. *Stone v. First Wyoming Bank*, 625 F.2d 332, 347 (10th Cir.1980): As Judge Christenson observed, "A policy of too-easy modification [of pretrial orders] not only encourages carelessness in the preparation and approval of the initial order, but unduly discounts it as the governing pattern of the trial. On the other hand, an unswerving insistence upon every provision, under all circumstances, may work grave injustice in individual cases...." Honorable A. Sherman Christenson, The Pretrial Order, 29 F.R.D. 362, 371 (1961), cited with approval in *Case v. Abrams*, 352 F.2d 193, 195 (10th Cir.1965). Appellants were adequately informed that Dr. Teitelbaum would testify and of the nature of his testimony, and were given an opportunity for further preparation during trial. Because appellants were not surprised or prejudiced by the court's ruling in this matter, there was no abuse of discretion.

### III. *Conclusion*

Appellants have made no showing of prejudicial surprise by the testimony of Drs. Albin, Fisher, and Teitelbaum. Where there was potential surprise, the district court gave appellant ample opportunity to prepare for cross-examination. Furthermore, the record is devoid of any evidence of bad faith or willfulness in failing to comply with the pretrial order. Because of the unique facts and circumstances of this case, the district court properly permitted the challenged experts to testify, and there was no abuse of discretion.

AFFIRMED.