**Sandra GRANT, Plaintiff-Appellant,**

v.

**Douglas J. BRANDT, Elmer J. Brandt, and Mary Brandt, Defendants-Appellees.**

No. 85–2197.

United States Court of Appeals, Tenth Circuit.

July 1, 1986.

Rehearing Denied July 29, 1986.

James W. Berry, Oklahoma City, Okl., for plaintiff-appellant.

A.T. Elder, Jr., Oklahoma City, Okl., for defendants-appellees.

Before BARRETT, MOORE and CHILSON *, Judges.

CHILSON *, District Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

On June 4, 1983, in Frederick, Oklahoma, a truck driven by appellee, Douglas J. Brandt, collided with the rear end of an automobile driven by appellant, Sandra Grant.

Appellant brought an action in the United States District Court for the Western District of Oklahoma against appellees to recover damages she alleges she suffered as a result of the collision.

On trial, the jury awarded appellant damages in the total amount of $15,000.

* Honorable Hatfield Chilson, United States District Judge for the District of Colorado, sitting by designation.

Appellant was dissatisfied with the amount of the jury's award and filed a motion for a new trial and/or for judgment notwithstanding the verdict.

These motions were denied by the trial court and final judgment was entered by the court on the jury's verdict.

Appellant appealed, and that appeal is now before this court for consideration.

Plaintiff-appellant raises two issues for our review. First, plaintiff contends that the award of damages by the jury was inadequate under the evidence presented. Second, plaintiff argues that it was error for the trial court to refuse to permit a Dr. Stephen Andrade to testify, even though Dr. Andrade's name was not listed as a witness in the pre-trial order. We find no error, and affirm.

## I. FACTUAL BACKGROUND

On June 4, 1983, in Frederick, Oklahoma, plaintiff-appellant, Sandra Grant, stopped her car to make a left turn from State Highway 183 onto Josephine Street. While she was waiting for traffic to clear, her car was struck from behind by a truck driven by defendant-appellee, Douglas J. Brandt. At the time, Mr. Brandt was employed by his father, Elmer, in the family wheat harvesting business. Ms. Grant is an Oklahoma resident, and the Brandts are residents of Kansas.

Ms. Grant filed suit against Douglas, Elmer, and Mary Brandt in the United States District Court for the Western District of Oklahoma on April 2, 1984, seeking compensation for alleged physical pain and suffering (past and future), mental pain and suffering (past and future), physical impairment, lost earnings (past and future), and medical expenses (past and future). Mary Brandt was dismissed as a defendant by stipulation of the parties on May 14, 1985.

Trial was held on July 15, 16 and 17, 1985. The jury found for the plaintiff in the amount of $15,000. According to the special verdict form returned by the jury, the various components of the award were $1,000 for past and future pain and suffering, $1,000 for past and future lost wages, $1,000 for physical impairment, and $12,000 for past and future medical bills. The court entered judgment on the verdict on July 17, 1985.

Plaintiff moved for a new trial and/or judgment notwithstanding the verdict on July 25, 1985; the motions were denied and plaintiff filed her notice of appeal on July 31, 1985.

## II. DID THE TRIAL COURT ERR IN DENYING PLAINTIFF'S MOTION FOR A NEW TRIAL ON THE GROUNDS OF PURPORTED INADEQUACY OF DAMAGES?

Plaintiff contends that the amount of damages awarded her by the jury was inadequate to compensate her for her permanent injuries and medical expenses. This argument was presented to the trial court in the motion for a new trial and was rejected. The question in this court is thus whether the trial court erred in denying the motion for a new trial.

Federal district judges have broad discretion on the question of whether to grant a new trial. The trial judge's decision on this issue will not be disturbed, absent a gross abuse of discretion. *Garrick v. City and County of Denver*, 652 F.2d 969, 971–72 (10th Cir.1981). In reviewing the district court's use of its discretion regarding inadequate verdict claims, as in excessive verdict claims, we must determine whether the award "shock[s] the judicial conscience and ... raise[s] an irresistible inference that passion, prejudice, corruption or other improper cause invaded the trial...." *Barnes v. Smith*, 305 F.2d 226, 228 (10th Cir.1962); *Garrick, supra,* at 971–72; *Whiteley v. OKC Corp.*, 719 F.2d 1051, 1058 (10th Cir.1983).

Plaintiff draws our attention to her exhibit 21, which is a compilation of her medical bills and expenses. The total of the bills in exhibit 21 is $15,885. The jury awarded Ms. Grant only $12,000 for all medical bills, past and future. Plaintiff claims that it was an abuse of discretion for the trial court not to grant a new trial given this difference between the evidence

presented to the jury and the amount of damages awarded.

 This court may reverse the judgment of the trial court and order a new trial when the jury returns a verdict in an amount which is at variance with the undisputed evidence presented at trial. *Brown v. Richard H. Wacholz, Inc.*, 467 F.2d 18, 20 (10th Cir.1972). In this case, however, the $15,885 in medical bills was disputed by the defendants, who presented evidence upon which the jury could have relied to reach its $12,000 award. The testimony of Dr. Thomas C. Howard, for example, was that

> There was one point in there about six weeks following her accident where it was noted that she had no muscle spasm and no discomfort, and that is what I would expect from a person who has a cervical strain such as what I thought she had. . . .

R.Vol. VI p. 180. Believing this, the jury could have disallowed any medical bills for treatments received by the plaintiff more than six weeks after the accident.

There was also evidence that the plaintiff received treatment in excess of what was reasonable under all the circumstances. Her own witness, Dr. Jack Honaker, testified as follows on cross-examination:

> Q. Now, Doctor, in July of 1984, I believe your records make a comment concerning your thoughts relative to the treatment [plaintiff] was receiving in Oklahoma City, do they not?
>
> A. Yes, sir.
>
> Q. Would you quote that language as it appears from the records, please?
>
> A. This is, "I suspect this patient has been grossly overtreated and needs psychiatric care and pain-clinic treatment rather than myelograms, electromyography, et cetera."

R.Vol. VI pp. 268–69. From this testimony, the jury could have concluded that the plaintiff received more medical treatment than was reasonable, and for that reason may have awarded her less than the total of her medical bills.

The jury also may have found that some of the plaintiff's medical bills were the result of her chronic asthma, rather than the accident. The record reveals that plaintiff went to the Tillman County Hospital emergency room on November 26th, 1984, complaining of an asthma attack. That night she suffered a muscle spasm brought on by that attack. R.Vol. VI pp. 334–36. This muscle spasm was similar to those the plaintiff attributes to the accident. The jury could have concluded that some of the treatment plaintiff received was asthma related rather than accident related.

The resolution of disputed issues of fact is for the jury, not for the trial judge or this court. *Rock v. McCoy*, 763 F.2d 394 (10th Cir.1985). The jury made its determination of damages, and that determination is supported by the evidence. The trial judge did not abuse his discretion in refusing to grant the new trial motion.

## III. DID THE TRIAL JUDGE ERR IN DISALLOWING THE TESTIMONY OF DR. STEPHEN ANDRADE?

The trial court conducted a pre-trial conference pursuant to Fed.R.Civ.P. 16 on May 2, 1985. A pre-trial order including a list of all witnesses to be called at trial was filed May 16, 1985. On July 2, 1985, while taking the deposition of Dr. R.C. Brown, counsel for both parties became aware that Dr. Brown had referred plaintiff to Dr. Stephen Andrade for treatment. Trial was scheduled to begin July 8. Without moving for an amendment to the pre-trial order, plaintiff's counsel sent defendants' counsel a letter purporting to endorse Dr. Andrade as a witness to be called at trial. Dr. Andrade's deposition was taken July 11, and trial commenced July 15.

At trial, plaintiff's counsel moved to admit the deposition of Dr. Andrade into evidence. The defense objected on the grounds that Dr. Andrade's name was not included in the pre-trial order and that the defense had not had sufficient time adequately to prepare to defend against this testimony. The court sustained the defendant's objection. Plaintiff contends

that this was error, and that she was prejudiced thereby.

The purpose of the pre-trial order is "to insure the economical and efficient trial of every case on its merits without *chance or surprise." Smith v. Ford Motor Co.*, 626 F.2d 784, 795 (10th Cir.1980), *cert. denied* 450 U.S. 918, 101 S.Ct. 1363, 67 L.Ed.2d 344 (1981), *quoting Case v. Abrams*, 352 F.2d 193, 195 (10th Cir.1965) (emphasis in original). The standard of review of the district court's refusal to allow a witness not included in the pre-trial order to testify is clear. "When there exists a 'properly drawn, detailed pre-trial order, a trial court's determination that certain facts or issues must [or should not] be excluded from trial on the basis of a pre-trial order may be reversed only if there is an abuse of discretion. *See James v. Newspaper Agency Corp.*, 591 F.2d 579, 58[2] (10th Cir.1979) (pre-trial order specifying the witnesses to be called may be used to bar the calling of unlisted witnesses).' *Trujillo v. Uniroyal Corp.*, 608 F.2d 815, 817–18 (10th Cir.1979)." *Smith v. Ford Motor Co., supra*, at 795. As the *James* case makes clear, whether the question is one of issue exclusion or witness exclusion, our standard of review is the same: we will reverse only if the trial court abused its discretion.

■ The trial court may modify the pre-trial order during trial to prevent manifest injustice.[1] *Rock Island Improvement Co. v. Helmerich & Payne, Inc.*, 698 F.2d 1075, 1081 (10th Cir.1983), *cert. denied* 461 U.S. 944, 103 S.Ct. 2121, 77 L.Ed.2d 1302. Thus, to find that the trial court abused its discretion, we must find that the exclusion of the Andrade deposition resulted in manifest injustice.

■ Plaintiff contends that Dr. Andrade's deposition testimony would have

put evidence before the jury that plaintiff suffered from reflex sympathetic dystrophy. The record reveals that Dr. Flescher, one of plaintiff's witnesses, testified:

"The cause of her numbness and various complaints I think are two-fold. Number one is an inflammatory reaction of the musculature of the myofascitis that can cause this type of problem....

. . . . .

... The other cause of it, and I've not proven this, but I suspect might have something to do with it, is called reflex sympathetic dystrophy."

R.Vol. VI p. 227. Dr. Flescher went on to describe the disease and its symptoms.

Dr. Flescher's testimony shows that the possibility that plaintiff suffered from reflex sympathetic dystrophy was presented to the jury. It is true that Dr. Flescher's testimony was only tentative on whether plaintiff actually suffered from reflex sympathetic dystrophy, while Dr. Andrade's testimony would have put a physician's actual diagnosis of the disease before the jury. Nevertheless, in weighing the loss of Dr. Andrade's testimony against the very real possibility of prejudice to the defendants in allowing a witness to testify on such short notice, we cannot say that there was manifest injustice in the trial court's refusal to allow Dr. Andrade's testimony to be presented to the jury.[2] We thus conclude that there was no abuse of discretion.

■ Plaintiff also contends that Dr. Andrade's testimony should have been allowed as rebuttal testimony. Plaintiff's contention is based on the fact that one of defendants' witnesses, Dr. Howard, testified that plaintiff did not, in his opinion, suffer from reflex sympathetic dystrophy. The record shows, however, that it was plaintiff's attorney who raised the subject

---

1. We note that no motion to amend the pre-trial order was formally made by plaintiff's counsel. We treat counsel's motion to admit Dr. Andrade's deposition as if it had been a motion to amend the pre-trial order.

2. The proper course for plaintiff's counsel to have followed after discovering that the plaintiff

had been referred to Dr. Andrade would have been to move for an amendment to the pre-trial order. The trial court could then have examined the importance of the Andrade testimony at the proper time—before trial—and postponed the commencement of trial if necessary to allow defendants an opportunity to respond.

**356**

of reflex sympathetic dystrophy in his cross-examination of Dr. Howard. R.Vol. VI p. 187. The admission of rebuttal testimony is subject to the discretion of the trial court. *Whiteley v. OKC Corp.*, 719 F.2d 1051, 1055 (10th Cir.1983). We do not feel it was an abuse of discretion for the trial court to bar Dr. Andrade's testimony as rebuttal. It was plaintiff's attorney who opened the door to Dr. Howard's testimony on reflex sympathetic dystrophy. Had plaintiff not broached the topic, Dr. Howard would not have testified on that subject, and there would have been nothing in the record for Dr. Andrade's testimony to rebut. In these circumstances, we find no abuse of discretion.

## IV. CONCLUSION

There being no error in the proceedings in the court below, the judgment is AFFIRMED.