**Marvel H. McCLELLAN, Jr., Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–86–703.**

Court of Criminal Appeals of Oklahoma.

Sept. 20, 1988.

Raymond Burger, Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

Marvel Houston McClellan, Jr., appellant, was tried by jury and convicted of Possession of a Controlled Dangerous Substance With Intent to Distribute (63 O.S.1981, § 2–401), in Case No. CRF–85–4156, in the District Court of Oklahoma County, the Honorable William Saied, District Judge, presiding. The jury assessed punishment at imprisonment for twenty (20) years and a fine of one ($1.00) dollar. Judgment and sentence was imposed in accordance with the jury's verdict. We affirm.

Shortly before noon on August 12, 1985, Sergeant Lewis of the Oklahoma City police department observed armed deputy sheriffs standing around a county paddy wagon parked in the middle of the block at Northeast 2nd and Stiles. Sgt. Lewis parked his patrol car and watched the deputies loading suspects into the paddy wagon.

Sgt. Lewis' attention turned to three men standing next to a car at the corner of Northeast 2nd and Stiles. The taller of the three men leaned over, stuck his head through the open window of the car, and talked to the occupants. The taller man was later identified as appellant. As appellant straightened up, Sgt. Lewis noticed he had a white object in his hand. Appellant looked around, stepped back three or four steps, and placed the object onto a nearby awning. Sgt. Lewis walked toward appellant, who turned and walked away. Appellant crossed the street and began to run. Sgt. Lewis stationed himself so he could keep the object on the awning in view and, at the same time, watch appellant.

Sgt. Lewis called for assistance. When Officer Brock arrived, he retrieved the object from the awning, which the officers determined to be a snow cone cup containing twenty balloons. Appellant stipulated at trial that the balloons contained heroin.

By the time Officer Brock arrived, appellant had disappeared from view and Sgt. Lewis radioed for assistance in determining appellant's location. A deputy sheriff, who was stationed on a nearby hill using binoculars, called and advised that appellant had run into a residence at Northeast 3rd and Stiles. Sgt. Lewis went to that location and met appellant in the front yard. The officer recognized appellant as the man who placed the object on the awning by his facial features, his height, and by the clothes he wore. Sgt. Lewis arrested appellant, who gave the officer a driver's license bearing the name of Nathaniel Craig, Jr.

At trial, appellant called Cal Jordan, who testified he was the one who talked to the man in the car at the corner of 2nd and Stiles shortly before noon, crossed the street, and walked to a cafe at 3rd and Stiles, where he met appellant. He testified appellant was not present at 2nd and Stiles. On cross-examination, Mr. Jordan admitted he had participated with appellant

in a lineup at the preliminary hearing, at which time Sgt. Lewis picked appellant as the man who placed the object on the awning.

Appellant testified he was at his uncle's shop from 11:00 a.m. to 11:30 a.m. and went to a cafe at 11:30 at the corner of 3rd and Stiles. As he left the cafe just before noon, Sgt. Lewis met him in the front yard. Appellant denied being at the corner of 2nd and Stiles shortly before noon and denied placing the object on the awning. He admitted giving Sgt. Lewis a driver's license bearing the name of Nathaniel Craig, Jr.

During cross-examination of one of the officers, appellant challenged whether the deputy sheriff on the hill could have seen from his vantage point what happened at the corner of 2nd and Stiles. Appellant phrased the issue as "Are you saying he could see through these building over here?" (Tr. at 104) On rebuttal, the State called the deputy, who testified he had been on surveillance with binoculars the entire week and, from his vantage point on the hill, saw appellant place the object on the awning, walk away, cross the street, and run to the house at 3rd and Stiles.

■ For his first assignment of error, appellant asserts the trial court erred by admitting his booking photograph into evidence over objection. Appellant filed a discovery motion almost three months before trial requesting *inter alia* all photographs of the defendant in the State's possession or accessible to the State in any manner (O.R. at 14) and the identity before trial of all witnesses the State would call. The court granted the discovery motion. (O.R. at 46).

During cross-examination of Officer Brock, appellant challenged the officer's statement that appellant wore a maroon and white striped shirt and maroon pants when arrested. The prosecutor had appellant's booking photograph brought down from the jailor and, on redirect, introduced the photograph to prove appellant's attire at time of arrest. Appellant objected to introduction of the photograph on the grounds that the prosecutor had not furnished him with a copy of the photograph,

contrary to the discovery order, and the State failed to lay a proper foundation to introduce the photograph into evidence. The court admitted the photograph for the limited purpose of proving appellant's attire at the time of his arrest but refused to allow the jury access to the photo during their deliberation.

The trial court is cloaked with broad judicial discretion to grant or refuse pre-trial discovery. *Stout v. State*, 693 P.2d 617, 625 (Okla.Crim.App.1984). Here, the court ordered the prosecutor to provide copies of photographs to appellant prior to trial. We strongly disapprove of a prosecutor's failure to comply with a discovery order. *Id.* at 624–25. However, a prerequisite to relief for non-disclosure is that the defense not have independent knowledge of and access to the evidence in question. *Gregg v. State*, 662 P.2d 1385, 1388 (Okla.Crim. App.1983). Appellant can hardly claim lack of knowledge or access to the photograph, as it is his own booking photograph.

■ Appellant argues the State (1) failed to lay a proper foundation to admit the photograph into evidence and (2) it was admitted as conditionally relevant and the State failed to introduce evidence sufficient to fulfill the condition. 12 O.S.1981, § 2105(B); *Champeau v. State*, 678 P.2d 1192, 1195 (Okla.Crim.App.1984).

All relevant evidence is admissible except as otherwise prohibited. 12 O.S. 1981, § 2402. "When the relevancy of evidence depends upon the fulfillment of a condition of fact, the judge shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition." 12 O.S.1981, § 2105(B). A necessary condition or prerequisite for the admission of demonstrative evidence is proper authentication or identification. 12 O.S.1981, § 2901(A). *Fixico v. State*, 735 P.2d 580, 582 (Okla. Crim.App.1987).

Under Section 2901(B)(1), a photograph may be authenticated or identified through testimony that a matter is what it is claimed to be. Here, the officer testified the photograph depicted appellant's appear-

ance at the time he was booked into jail shortly after being arrested before he had time to change clothes, thereby satisfying the admissibility requirement under Section 2901(A). This same testimony provided evidence sufficient to "connect up" the photograph by providing the missing facts in satisfaction of Section 2105(B). *See McCormick on Evidence*, at 149 (E. Cleary, 3rd. ed. 1984).

Admission of demonstrative evidence is within the sound discretion of the trial court, whose ruling will not be disturbed on appeal absent an abuse of discretion. *Owens v. State*, 747 P.2d 959, 960–61 (Okla. Crim.App.1987). We find no abuse of discretion.

■ For his final assignment of error, appellant asserts the court erred in permitting the deputy sheriff to testify in rebuttal. The court ordered the prosecutor to confine his examination of the deputy to his ability to see appellant cross the street and not to elicit testimony as to appellant putting the cup on the awning. (Tr. at 178–180). The deputy testified he saw appellant place the cup on the awning. Appellant objected and moved for a mistrial. The court overruled the motion and instructed the jury to disregard the deputy's testimony concerning the cup. (Tr. at 188).

Appellant argues prosecutorial misconduct because (1) the witness was not identified prior to trial in accordance with the discovery order and (2) the prosecutor elicited an evidentiary harpoon.

Appellant argues he complied with the Discovery Code by filing his motion to produce. 12 O.S.Supp.1984, §§ 3201 et seq. We fail to see the relevancy of this assertion, as the Discovery Code governs *civil* proceedings. 12 O.S.Supp.1984, § 3201.

We cannot subscribe to appellant's argument of prosecutorial misconduct for failure to endorse the deputy prior to trial, for it has long been a rule that a witness need not be endorsed if the testimony is *clearly* rebuttal. *Lavicky v. State*, 632 P.2d 1234, 1237 (Okla.Crim.App.1981). In the instant case, the prosecutor and the deputy testified *in camera* that the deputy had not been interviewed by the prosecutor until after appellant raised the question on cross-examination whether the deputy could see appellant from his vantage point on the hill. The deputy was clearly introduced as a rebuttal witness.

Appellant argues the prosecutor surprised him by calling the deputy on rebuttal. If appellant was surprised or needed more time to prepare to meet the additional testimony, he had the responsibility of moving for a postponement or continuance. Failure to do so constitutes waiver of the issue. *Fisher v. State*, 668 P.2d 1152, 1155 (Okla.Crim.App.1983). Although appellant objected to the testimony and moved for a mistrial, he must do more than simply object; he must withdraw his announcement of ready for trial and request a continuance. *Diaz v. State*, 728 P.2d 503, 513 (Okla.Crim.App.1986). Here, the record is clear appellant has waived the issue. Moreover, the testimony was merely cumulative and we fail to see how appellant was unduly prejudiced.

Finally, appellant argues the deputy's testimony that he saw appellant place the object on the awning was an evidentiary harpoon. We disagree. One of the elements of an evidentiary harpoon is testimony which injects information of other crimes. *Bruner v. State*, 612 P.2d 1375, 1378 (Okla.Crim.App.1980). Here, the officer's testimony went to his personal knowledge of *this* crime, not of another crime. This assignment is meritless.

In light of the above, appellant's judgment and sentence should be, and hereby is, AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.