**Barbara CRUSSEL, Plaintiff–Appellant,**

**and**

**Gene Crussel, Plaintiff,**

**v.**

**Robert KIRK, Defendant–Appellee.**

No. 79188.

Supreme Court of Oklahoma.

April 25, 1995.

Patrick J. Malloy, III, Malloy & Malloy, Tulsa and Leslie V. Williams, Williams & Associates, Oklahoma City, for appellant.

Joseph A. Sharp, John H.T. Sheridan, Karen M. Grundy, and Catherine L. Campbell,

Best, Sharp, Holden, Sheridan, Best & Sullivan, Tulsa, for appellee.

OPALA, Justice.

Three questions are presented on certiorari: (1) Are prior inconsistent statements—imputed by Pat Malloy, Jr. [Malloy, Jr.] to Brian C. Howard [Howard]—admissible for impeachment of Howard's in-court testimony? (2) Does Barbara Crussel's [Crussel or plaintiff] failure to list Malloy, Jr. as a witness on the pretrial order prevent her from offering his testimony to attack Howard's credibility? and (3) Is the trial court's exclusion of Malloy, Jr.'s rebuttal testimony [to be used for impeachment] reversible error which offends the minimum standards of fairness commanded by the constitution? We answer the first and third questions in the affirmative and the second in the negative.

## I

## THE ANATOMY OF LITIGATION

After a modified radical mastectomy in 1981, Crussel engaged in May 1984 Robert Kirk [Kirk or defendant/physician], a plastic surgeon, to perform breast reconstruction surgery. Kirk undertook thirteen surgical procedures which, in all parties' opinions, failed to attain the result plaintiff sought. She then secured the legal advice of Malloy, Jr.

In April 1986 Malloy, Jr., referred Crussel to Howard, a plastic surgeon, for evaluation of the plaintiff's breast reconstruction. According to Malloy, Jr.'s recollection, Howard told him that Kirk was "involved in something that he did not fully understand" but that he [Howard] would not testify against Kirk. The plaintiff's medical files were ultimately referred to Jeffery Salomon, another plastic surgeon, who appeared as her expert at trial.

In June 1986 Malloy, Jr., brought this malpractice suit against Kirk. Malloy, Jr.,

who learned that Howard would be a defense witness, foresaw that he might have to give testimony at trial. On December 6, 1990 Patrick J. Malloy III [Malloy III]—a member of Malloy, Jr.'s law firm—and Leslie V. Williams [Williams] were entered on the appearance docket as additional counsel for Crussel.

A pretrial conference order, which listed Howard as a witness for Kirk, bears the October 4, 1991 date. Williams approved the order for the plaintiff but did not list Malloy, Jr., as one of Crussel's witnesses. The cause was tried to a jury beginning in November 1991. Malloy III and Williams—*not Malloy, Jr.*—served as Crussel's *"advocates at trial"*.[1] Malloy, Jr., never withdrew of record as plaintiff's counsel.

At trial Kirk called Howard as the *only* expert in plastic surgery for the defense to testify about the standard of care provided by Kirk. Malloy III then cross-examined Howard. At the conclusion of his cross-examination he asked Howard if the latter had ever said to Malloy, Jr., that Kirk was "involved in something that he didn't know anything about." Howard denied ever having made this statement. Malloy III then called Malloy, Jr., to testify about Howard's prior statement. The trial court refused to admit Malloy, Jr.'s testimony, resting its ruling on the "Evidence Code".

Judgment was entered on a jury verdict for the defendant/physician. Crussel appealed and the Court of Appeals affirmed. Certiorari was granted on plaintiff's petition.

## II

## EVIDENCE OF HOWARD'S *PRIOR INCONSISTENT STATEMENTS* MADE TO MALLOY, JR., IS ADMISSIBLE TO ATTACK HOWARD'S VERACITY

■ The criteria[2] for admission of prior inconsistent statements to attack the veracity

---

1. This phrase is used in Rule 3.7, Rules of Professional Conduct, 5 O.S.1991, App. 3–A, whose pertinent terms are:

   "(a) A lawyer shall not act as *advocate at a trial* in which the lawyer is likely to be a necessary witness....

   (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is

likely to be called as witness...." [Emphasis added.]

The Rules of Professional Conduct, effective from July 1, 1988, supersede the Code of Professional Responsibility.

2. For a general discussion of the admission criteria for prior inconsistent statements sought to be

or credibility of a witness are governed by the Evidence Code's[3] §§ 2607 and 2613.[4] Before allowing evidence of a witness's prior inconsistent statements, the nisi prius court *must* satisfy itself that the proffered testimony is sufficiently inharmonious with the declarant's in-court testimony[5] and is relevant to a *non-collateral*[6] matter. A proper foundation must be laid before the extrinsic impeachment evidence may be admitted.[7]

■ At the conclusion of his cross-examination of Howard, Crussel's counsel questioned him about his earlier statements to Malloy, Jr., concerning the standard of care provided by the defendant/physician.[8] Howard denied making these statements. By this cross-examination Malloy III laid the foundation for admission of the *rebuttal evidence*.[9] The substance of the prior inconsistent statements is in *plain contradiction* of Howard's in-court testimony and concerns the declarant's *truthfulness or credibility* in making a testimonial assessment of the defendant/physician's quality of care. The offered proof is relevant to a *non-collateral* fact. The threshold criteria for admission of Howard's prior inconsistent statements are *hence* met.

## III

### OMISSION OF MALLOY, JR., FROM THE LIST OF WITNESSES UPON THE PRETRIAL CONFERENCE ORDER DOES NOT BAR HIS TESTIMONY

■ Malloy, Jr., was not listed upon the pretrial order as a witness for the plaintiff. While it is within a trial court's discretion[10] not to allow a party *unlisted on the pretrial*

used for impeachment, see 3 L. WHINERY, OKLAHOMA EVIDENCE, GUIDE TO THE OKLAHOMA EVIDENCE CODE §§ 47.25 *et seq.* (1994).

3. 12 O.S.1991 §§ 2101 *et seq.*

4. The terms of 12 O.S.1991 § 2607 are:

"The credibility of a witness may be attacked by any party, including the party calling him."
The pertinent terms of 12 O.S.1991 § 2613 are:
"A. In examining a witness concerning a prior statement made by him whether written or not, the statement need not be shown nor its contents disclosed to him at that time but on request the same shall be shown or disclosed to opposing counsel just prior to the cross-examination of the witness.
B. Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate him thereon. . . ."

5. For pre-Code jurisprudence, see *Rath v. State*, 56 Okl.Cr. 179, 38 P.2d 963 (1934). When the integrity of the *fact finding process* is involved, it matters not that the case arises in a civil or criminal context. "Analytical touchstones" for resolution of the present issues lie in both arenas of jurisprudence. *Thompson v. Presbyterian Hospital, Inc.*, Okl., 652 P.2d 260, 269 (1982).

6. Non-collateral facts are those which are "independently provable regardless of the contradiction". *See Montgomery v. Nance*, Okl., 425 P.2d 470, 472 (1967); *see also* McCORMICK, EVIDENCE § 110 (3d ed. 1984).

7. The foundational requirement for the admission of prior inconsistent statements is governed by 12 O.S.1991 § 2613(B). For its pertinent terms see *supra* note 4.

Both Fed.R.Evid. 613(a) and its Oklahoma counterpart, 12 O.S.1991 § 2613(A), abrogate the common-law foundational requirement, first announced in *Queen Caroline's Case* [129 Eng. Rep. 976 (1820)], that the content of the inconsistent statement be disclosed before the critical inquiry.

8. Plaintiff's counsel inquired of Howard if the latter had told Malloy, Jr., that the defendant/physician was "involved in something he didn't understand fully. . . ."

9. *Rebuttal evidence* is that which becomes relevant because of proof introduced by the adverse party. Its purpose is to explain or counter the opponent's evidence. *Middlebrook v. Imler, Tenny, & Kugler, M.D.'s*, Okl., 713 P.2d 572, 582 (1986). *See also Faulkenberry v. Kansas City Southern Ry. Co.*, Okl., 661 P.2d 510, 514 (1983).

10. In considering whether a trial court has abused its discretion in admitting or excluding impeachment testimony, the relevant factors are: (1) the danger of unfair prejudice against, or surprise of, the party against whom the unlisted witness will testify; (2) the ability of that party to cure the prejudice; (3) the loss of a constitutional or statutory right by the party seeking to introduce the testimony; (4) confusion of the issues; (5) the disruption which calling the unlisted witness would cause; and (6) bad faith or willfulness in *not listing the witness*. *See Perry v. Winspur*, 782 F.2d 893, 894 (10th Cir.1986), and 12 O.S.1991 § 2403.

*order* to testify,[11] clear abuse of this responsibility is reversible error.[12] When considering the *allowability of an unlisted witness's testimony* offered for rebuttal, greater latitude is to be exercised than in deciding such questions for the plaintiff's case in chief.[13] This is particularly true where, as here, the question at nisi prius addresses itself to *the admissibility of a prior inconsistent statement* to impeach a trial witness. To hold that *all rebuttal* witnesses have to be *listed on the pretrial order* would impermissibly call upon that the parties' counsel *fully* to anticipate each witness's testimony as an indispensable *precondition for rebuttal* by means *other than cross-examination.* The appearance of a rebuttal witness's name on the pretrial order cannot hence be an inflexible prerequisite for admission of testimony if the rebuttal witness is called to relate a trial witness's prior inconsistent statement and the rebuttal proof is admissible under the §§ 2607 and 2613 criteria discussed earlier in Part II of this opinion.

## IV

### SINCE MALLOY, JR., DID *NOT* SERVE AS CRUSSEL'S ADVOCATE *AT TRIAL*, HIS TESTIMONY IS NOT PROSCRIBED BY RULE 3.7,[14] THE RULES OF PROFESSIONAL CONDUCT

▬ In declaring Malloy, Jr., incompetent to testify great emphasis was placed both at nisi prius and in the appellate court on his status as one of the plaintiff's counsel of record. *Rule 3.7 does not render an advocate incompetent as a witness.*[15] It merely invests the trial court with discretion to determine whether a party's *"advocate at trial"* may testify. When exercising this discretion one must consider the underlying rationale of Rule 3.7. The reasons for forbidding a *trial advocate* to appear as a witness include: (a) elimination of the possibility that the lawyer would not be an objective witness; (b) reducing the risk that the jury would confuse the roles of witness and advocate; and (c) a broad concern that judicial process not only be fair but also appear fair.[16]

There is nothing in the record to show that Malloy, Jr., acted as an *advocate at trial.*[17] He neither presented arguments nor examined witnesses.[18] The record demonstrates that Malloy, Jr., although still counsel in the case, took the necessary prophylactic measures, all consistent with the rationale of Rule 3.7 to insulate himself from the role of trial advocate. The Rule was clearly *not* an impediment to allowing Malloy, Jr.'s testimony in this case. *The exclusion of this proof was patently erroneous.*

**11.** *Middlebrook, supra* note 9 at 582. *See also Whiteley v. OKC Corp.,* Okl., 719 F.2d 1051, 1055 (1983); *Turney v. Anspaugh,* Okl., 581 P.2d 1301, 1308 (1978).

**12.** *Turney, supra* note 11 at 1308; *see also Three "M" Investments, Inc. v. Ahrend Co.,* Okl., 827 P.2d 1324, 1332 (1992) (Opala, J., concurring in part and dissenting in part); *Perry, supra* note 10 at 894; *Grant v. Brandt,* 796 F.2d 351, 355 (10th Cir.1986).

*See* in this connection the pertinent terms of 20 O.S.1991 § 3001.1 which provide:
"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, ... unless it is the opinion of the reviewing court that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

**13.** *Middlebrook, supra* note 9 at 582; *McClellan v. State,* 762 P.2d 281, 284 (Okl.Cr.1988).

**14.** *See supra* note 1 for the pertinent terms of Rule 3.7, Rules of Professional Conduct.

**15.** *See United States v. Morris,* 714 F.2d 669, 671 (7th Cir.1983); *Waltzer v. Transidyne General Corp.,* 697 F.2d 130, 134 (6th Cir.1983); *Universal Athletic Sales Co. v. American Gym, etc.,* 546 F.2d 530, 539 (3d Cir.1976). *See also* 12 O.S. 1991 § 2601, the pertinent terms of which are:

"Every person is competent to be a witness *except as otherwise provided in this Code.*" [Emphasis added.]

**16.** *See Culebras, infra* note 17 at 99; *In re American Cable Publications, Inc.,* 768 F.2d 1194, 1195 (10th Cir.1985). *See also* ANNOTATED MODEL RULES OF PROFESSIONAL CONDUCT pp. 387–88 (Chicago: ABA Center for Professional Responsibility, 2d ed. 1992).

**17.** *See Culebras Enterprises Corp. v. Rivera–Rios,* 846 F.2d 94, 98 (1st Cir.1988) ("Rule 3.7 only prohibits an attorney from acting *'as an advocate at a trial '* if he ought to be called as witness.").

**18.** *See McClendon v. State,* 777 P.2d 948, 953 (Okl.Cr.1989).

## V

### THE NISI PRIUS EXCLUSION OF REBUTTAL TESTIMONY SOUGHT TO BE ELICITED FROM MALLOY, JR., IS REVERSIBLE ERROR WHICH PREJUDICED THE PLAINTIFF'S RIGHT TO A FAIR TRIAL

█ Since rebuttal testimony sought to be elicited from Malloy, Jr., met the threshold criteria for admitting prior inconsistent statements and Malloy, Jr. was not otherwise incompetent to testify, the ultimate issue to be resolved here is whether the trial court's extirpation of the rebuttal testimony in contest constitutes reversible error.

█ When a court's exercise of discretionary power results in denial of a defeated litigant's constitutional or statutory right, reversible error occurs.[19] Inherent in the Article II, § 7,[20] standards of *due process of law* is the element of *an opportunity to be heard.*[21]

Since the proffered rebuttal evidence was highly *critical* for assessing Howard's veracity, its exclusion, on this record, must be treated as prejudicial. A party's opportunity to present its case is an essential component of due process.[22] *A new trial clearly is the plaintiff's constitutional due.*

tunity to present evidence to the trial tribunal.[23] Where, as here, a nisi prius ruling *excludes* critical testimony of a witness's prior inconsistent statements, our jurisprudence and the terms of 20 O.S.1991 § 3001.1[24] call for careful review to guard against prejudice to the aggrieved party's constitutional or statutory rights. Here, the plaintiff sought to impeach the defendant/physician's *only* expert witness to assess the quality of the surgical procedures in contest. The rebuttal evidence proffered meets the threshold criteria for admission. On this record, the witness Malloy, Jr., one of plaintiff's counsel in the case, was competent to testify. He undertook the prophylactic steps necessary to satisfy the rationale of Rule 3.7 by not serving as Crussel's advocate *at trial.* In this posture of the case, the trial court's exclusion of proffered proof deprived the plaintiff of a reasonable opportunity to confront Howard and to impeach his in-court testimony. This cause must accordingly be remanded for new trial. On certiorari previously granted,

### THE COURT OF APPEALS' OPINION IS VACATED, THE NISI PRIUS JUDGMENT FOR THE DEFENDANT REVERSED, AND THE CAUSE REMANDED WITH DIRECTIONS TO PROCEED IN A MANNER NOT INCONSISTENT WITH TODAY'S PRONOUNCEMENT.

All Justices concur.

## VI

### SUMMARY

Due process of law includes several procedural guarantees, among which is the oppor-

**19.** *See* the pertinent terms of 12 O.S.1991 § 3001.1, *supra* note 12.

**20.** Okl. Const., Article II, § 7, states:

"No person shall be deprived of life, liberty, or property, without due process of law."

**21.** *York v. Halley,* Okl., 534 P.2d 363, 364 (1975); *Shaw v. Swank,* Okl., 416 P.2d 928, 931 (1966); *Kiespert v. Jenkins,* Okl., 324 P.2d 283 (1958); *Greco v. Foster,* Okl., 268 P.2d 215, 219 (1954).

**22.** *Malone v. Malone,* Okl., 591 P.2d 296, 298 (1979); *Wolfenbarger v. Hennessee,* Okl., 520 P.2d 809, 812 (1974).

**23.** *Southwestern Bell Telephone Co. v. Oklahoma Corp. Comm.,* Okl., 873 P.2d 1001, 1020 n. 60 (1994) (Opala, J., dissenting); *Jackson v. Independent School Dist. No. 16,* Okl., 648 P.2d 26, 30 (1982).

**24.** For the pertinent terms of 20 O.S.1991 § 3001.1, see *supra* note 12.