FORREST OIL CORPORATION et al.
v. BRESHEARS et al.

No. 33583.   Feb. 1, 1949.

*202 P. 2d 706.*

A. M. Covington, of Tulsa, for petitioners.

Donald F. McMahon and Geo. B. Smith, both of Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

GIBSON, J. Claimant, J. F l o y d Breshears, sustained an accidental injury on November 26, 1946, while employed as a teamster for the Forrest Oil Corporation, when he crushed his leg and sustained a hip injury. After proceedings conducted t o determine the cause and extent of the injury, the State Industrial Commission entered an order finding that he sustained a specific disability to the leg of 45 per cent and in addition thereto sustained a 25 per cent disability to the body as a whole.

The petitioners have brought this proceeding to review the award. In three propositions they argue that the State Industrial Commission erred in considering any disability other than that arising from the injury to the leg alone. T h e y cite Horton v. State Industrial Commission, 184 Okla. 145, 85 P. 2d 413, Dover Oil Corp. v. Bellmyer, 175 Okla. 19, 52 P. 2d 761, and related cases, to the effect that where notice is given of one injury alone it is error for the State Industrial Commission to consider another injury without due notice and within the statutory time. 85 O. S. 1941 §24. It is likewise argued t h a t since no claim was filed within one year after November 26, 1946, asserting any injury other than the injury to the leg, the statutory time had run and claimant's right to any disability occasioned by an injury other than the one to the leg was barred by 85 O. S. 1941 §43. The above cases support the allegations. It therefore becomes necessary to review all the facts and circumstances involved in this proceeding to determine whether or not, without notice and after the statutory period, claimant commenced a proceeding to obtain compensation for a disability other than the leg injury. After the accidental injury of November 26, 1946, claimant w a s hospitalized and several examinations were made. During all this time he was paid the maximum statutory amount of $21 per week in lieu of wages. On the 3rd day of February, 1948, there was filed with the State Industrial Commission Form 7 Stipulation and Receipt, acknowledging payment for temporary disability from December 2, 1946, for a period of 55 weeks. Included in this stipulation and receipt is an item showing total

hospital and medical expenses, $401.10. On December 17, 1947, employee's first notice of injury and claim for compensation was filed asserting a crushed leg and injured hip.

Claimant was the first witness called to the proceeding. It was developed through his testimony that during his hospitalization he was treated and operated for a prostate condition and that by reason of his long confinement he had hemorrhoids from lying in bed. Dr. White, his physician, testified that this condition, together with a further condition resulting f r o m aggravated arthritis, could be due to his hospitalization and long lying in bed. Petitioners first stated that it was not their intention to object to the showing made as to an aggravation of a condition resulting from the injury to the leg. The hearing was commenced and concluded February 3, 1948. During this hearing the trial commissioner indicated that in order to introduce evidence of a disability to the back, the prostate a n d hemorrhoids, it would be necessary to amend the claim. Thereupon claimant asked for permission to file an amended claim. It was filed on the same day but at the end of the hearing. When claimant asked for permission to file the amended claim which appears in the record and is dated February 3, 1948, petitioners then stated that they objected to the filing of the amended claim for the reason that it gave notice for the first time of these new conditions and that this constituted a new injury other than the injury to the leg.

It was not necessary to file a new claim. In Dover Oil Corp. v. Bellmyer, supra, cited by petitioner, this court said:

"This case differs from those cases (such as Producers & Refiners Corp. et al. v. Bumpass et al., 163 Okla. 157, 21 P. 2d 510, and Chicago Bridge & I r o n Works v. Lawson et al., 163 Okla. 224, 22 P. 2d 86) in which we have held that an injured employee is not bound to know or to guage the extent of his injuries nor their future developments."

See, also, in this connection, Oklahoma Gas & Electric Co. v. Hunsicker, 178 Okla. 565, 63 P. 2d 21; Amerada Petroleum Corp. v. Lovelace, 184 Okla. 140, 85 P. 2d 407; Earl W. Baker & Co. v. Maples, 155 Okla. 105, 8 P. 2d 46, and related cases.

Petitioners cite Barnes v. I n d i a n Territory Illuminating O i l Co., 170 Okla. 520, 41 P. 2d 633. That case is readily distinguishable in that it was attempted therein to assert, after the statutory period has run, a new and independent injury on the ground of a change in condition. In the case at bar the statutory period, 85 O. S. 1941 §43, had not run against the right of the claimant to file his claim for the reason that he had one year from and after the 55 weeks' payments in which to file his claim, and the filing on September 3, 1948, was well within such period. And the doctrine in the Barnes case, supra, would not apply e v e n though it be conceded that the assertion of the disability to the back, prostate, and hemorrhoids was a n e w claim. Under the above- cited authorities, however, it follows that the State Industrial Commission did not consider any disability except that arising from the injury to the leg alone and there was no error in considering the extent of the disability resulting from the injury to the leg.

The third proposition of petitioners is that there is no competent evidence upon which the State Industrial Commission could base an award of 45 per cent disability to the leg alone and an additional disability of 25 per cent disability to the body as a whole. With this contention we agree. The only evidence in the record concerning the disability to the back, prostate, and hemorrhoids is in the report of Dr. White. Therein it is stated:

"To sum up this case I am of the opinion that he has sustained an injury to the tibia and fibula which h a s caused swelling, discoloration, shortening and loss of usage of the left leg. According to history and findings he also developed prostitis while con-

fined to the hospital which required operation, this in my belief could have been due to the confinement in the bed and inactivity brought on by the fractured leg. It is not my belief that it was caused by the injury but it could have been aggravated to the extent that the operation was necessary. It was indirectly resultant to injury due to the fact that it could have been aggravated by inactivity because of confinement to bed. The arthritis of the spine could have also been aggravated by the injury and likewise t h e hemorrhoids could have been aggravated by the injury due to the confinement to the bed. The swelling of the left leg in my opinion is resultant to phlebitis directly caused by the injury.

."As a result of this injury I am of the opinion that this claimant has a 50 to 50% permanent disability to the left leg, being due to the fore-named described conditions involving t h i s member. As result of the disability to the left leg and to the other conditions found on examination and X-ray findings, I would estimate that this man has a 65 to 70% permanent partial disability to the body as a whole."

We have repeatedly held that under such conditions the degree of disability must be established by expert medical testimony. See Morgan Drilling Co. v. Bower, 199 Okla. 667, 189 P. 2d 943, and cases therein cited. There was no medical evidence as to disability to the body as a whole separate and a p a r t from the disability to the leg.

In our opinion the above testimony is sufficient to support a finding of a specific disability to the leg, but wholly insufficient to authorize a finding that in addition to the disability to the leg there is a disability to the body as a whole. The award for the specific disability to the leg is sustained. The award for the disability to the body as a whole is vacated; and the cause is remanded for further proceedings not inconsistent herewith.