**ADA IRON & METAL COMPANY and Mid-Continent Casualty Company, Petitioners,**

**v.**

**Ed TARPLEY and the State Industrial Court, Respondents.**

**No. 41690.**

Supreme Court of Oklahoma.

Oct. 18, 1966.

H. W. Nichols, Jr., Watts, Looney, Nichols & Johnson, Oklahoma City, for petitioners.

Childers & Keller, Charles R. Nesbitt, Atty. Gen., Oklahoma City, for respondents.

HODGES, Justice.

The respondent, Ed Tarpley, sustained an injury on May 2, 1963, within the purview of the Workmen's Compensation Law, while employed by the petitioner. An award made by the State Industrial Court was by this court vacated and the cause remanded to the trial tribunal because such order was based upon an improper combination of his disabilities. Ada Iron & Metal Works and Mid-Continent Casualty Company v. Tarpley et al., Okl., 396 P.2d 508.

The cause was retried and an award made for disability by the trial judge, which award was affirmed by the State Industrial Court sitting en banc. The respondent below brings this appeal to review the award. The parties will be referred to herein as their respective appearances have been made before this court.

In 1954, several years prior to the injury constituting the gravamen of this action, the respondent sustained an accidental gunshot wound to his right leg. In 1955, as a result of another injury, surgery was performed on the left leg for correction of a varicosity. The injury of May 2, 1963, was to the lumbar region of the back with aggravation of the injury to respondent's left leg, to which reference has been made.

The trial court entered an award to the respondent of thirty-five per cent permanent partial disability to the body as a whole, based upon a finding that the respondent's left leg is sixty per cent permanently partially disabled and his right leg is twenty per cent permanently partially disabled. By combination and material increase, the court awarded 175 weeks of compensation for the combined leg disability. The trial court further found that the respondent has sustained an additional forty-five per cent permanent partial disability to his body as a whole resulting from the injury to his back, and awarded respondent an additional 225 weeks of compensation.

■ Petitioners, complaining they are aggrieved by the said award, filed their petition for review in this court, contending first that the award of the trial court is not based on competent medical evidence, and, second, that the disability to the claimant's right leg is barred by the statute of limitations, as no injury to the right leg was asserted within one year from May 2, 1963.

The record is undisputed that the petitioner, furnishing medical treatment to the respondent, caused him to be placed in traction and while he was being treated in this manner for his back injury thrombophlebitis developed in his left leg. There is also competent, and uncontroverted, medical testimony, adduced by the respondent from his medical witness, Dr. M, that the respondent, reacting to the disability to his left leg, shifted a disproportionate part of his weight to his right leg, with consequent aggravation of a pre-existing condition attributable to the accidental, uncompensable, gunshot wound sustained in 1954.

■ The law is settled beyond reasonable cavil that an employer is liable for all legitimate consequences flowing from any injury compensable under the Workmen's Compensation Law, and the injured workman is entitled to recover, under the schedule of compensation, for the extent of his disability based upon the ultimate result of the compensable injury, without regard to increase of or aggravation of his disability by legitimate consequence occurring subsequent to the time of injury. Barnsdall Refining Co. v. Ramsdall, 149 Okl. 99, 299 P. 499; Booth & Flinn v. Cook, 79 Okl. 280, 193 P. 36.

■ Where there is competent medical testimony reasonably tending to support an award by the State Industrial Court, the finding and award will not be disturbed on appeal, as the nature and extent of disability arising out of an accidental injury compensable under the Workmen's Compensation Law presents a question of fact for determination by the trial court. Hyde Const. Co. v. Sparks, Okl., 385 P.2d 495; Parker v. Midwest Paint Contractors, Okl., 357 P. 2d 214.

The second contention of the petitioner is that the disability found as to the right leg was not in issue in the trial court and was barred by the statute of limitations. 85 O. S.1961, § 43. Petitioners rely on Hambley v. Foster Wheeler Corp., Okl., 395 P.2d 582, and Tomberlin v. General American Transportation Corp., Okl., 295 P.2d 811. The cases are factually distinguishable. In the Hambley case the claimant alleged an injury to his left leg, and then sought to amend his Form 3 showing an injury to his back. In rejecting the amendment we pointed out that the two injuries were

separate and unrelated and therefore the allegation of the second injury was barred by the statute of limitations.

In Tomberlin, supra, this court held, and yet holds, that where at the time of an award for accidental injury for which compensation is awarded, the claimant knows of an injury other than that for which he is being compensated, and exercises his judgment as to the seriousness of such other injury, and neglects to assert any claim therefor, within one year after the original accident, he cannot thereafter be heard to assert a claim for such other injury. In the instant case there was no belated assertion of other injury. The assertion is of disability, resulting from an injury in connection with which timely claim for compensation was made.

The award of the State Industrial Court is sustained.