**J. E. CARLSON, INC., and National Automobile and Casualty Insurance Co., Petitioners,**

v.

**Clarence R. WHITE, Claimant, Don Manners, his Attorney, and the State Industrial Court, Respondents.**

**No. 42979.**

Supreme Court of Oklahoma.

March 11, 1969.

Rehearing Denied April 8, 1969.

John F. Eberle, Oklahoma City, for petitioners.

Don Manners, Oklahoma City, for respondent, Clarence R. White.

DAVISON, Justice.

This is an original proceeding by petitioners, J. E. Carlson, Inc., and its insurance carrier, National Automobile and Casualty Insurance Co., to review an order and award of the State Industrial Court rendered in favor of Clarence R. White, claimant.

The record reflects that claimant sustained an accidental injury on December 31, 1965, when he fell from a scaffold. On February 4, 1966, claimant filed a Form 3, Employee's First Notice of Injury and Claim for Compensation with the State Industrial Court in case No. D–40498, in which he described the nature and extent of his injury as "Fractured right heel, ankle and foot." The attorney shown thereon is not claimant's present attorney. On February 9, 1966, the employer, J. E. Carlson, Inc., filed its First Notice of Injury, reciting that claimant slipped off the scaffolding and "lit on heel of foot," injuring the "right foot." Claimant was furnished medical treatment by his employer, J. E. Carlson, Inc., beginning December 31, 1965, and thereafter, as hereinafter set forth in connection with disposition on a proposition of error presented by petitioners.

On January 27, 1967, claimant filed another Form 3 with the State Industrial Court, in case No. D–47196, for the same accidental injury, and describing his injury as "Right foot and back." The name of his present counsel appears thereon as his attorney. On February 6, 1967, J. E. Carlson, Inc., filed in that case an Employer's First Notice of Injury describing claimant's injury as "Sprain to right foot." Petitioners also filed in that case a Plea in

Abatement on the ground that there was a prior pending claim for compensation. Thereafter, on February 17, 1967, the claimant filed a "Dismissal Without Prejudice" in D–47196 in which he asked the court to dismiss the same without prejudice to his prosecution of D–40498.

Both cases were set and came on for hearing on September 21, 1967, and petitioners requested the trial judge to sustain the plea in abatement to D–47196. The attorney for claimant agreed to the plea in abatement, but the trial judge refused to dismiss D–47196 and combined the two cases for hearing. On December 20, 1967, the trial judge entered an order finding claimant sustained a compensable injury, consisting of injury to his right foot and lower back, being an aggravation of a pre-existing condition. The order found claimant had sustained 25 per cent permanent partial disability to his right foot and awarded 37.5 weeks of compensation therefor, and found 10 per cent permanent partial disability to his back and awarded 50 weeks of compensation for such disability.

Petitioners appealed to the Industrial Court en banc and there raised the propositions of error now presented to this court. The trial judge acted as presiding judge and participated in the hearing before the court en banc, but abstained from voting at the conclusion of the hearing. The other four members of the court adopted and affirmed the trial judge's award.

Petitioners contend that the Industrial Court erred when it denied their motion to disqualify the trial judge from acting as presiding judge and from participating in the hearing before the court en banc. They urge, as a separate proposition of error, that the denial of time to petitioners in which to argue before the court en banc was reversible error. This latter contention is also presented in support of the disqualification proposition. We therefore combine them for the purpose of disposition.

■ The tenor of petitioners' argument is that under 85 O.S.1961, § 91, the State Industrial Commission was named and designated the State Industrial Court and was made a court of record, and that the court and the judges are governed by statutes and practices applicable to judges and courts. Petitioners argue that the Industrial Court rule (85 Ch. 4, Appendix, Rule 14, Appeals) limiting each party's argument to 10 minutes in hearings on appeal to the court en banc, except where longer time is granted, is prejudicial, and in their case the presiding judge erred in limiting their argument to 10 minutes when their counsel had two separate matters to present to the court en banc, (1) the merit of their motion to disqualify the presiding judge, and (2) the validity of the award. Petitioners also call to our attention 22 O.S.1961, § 571, providing, among other things, for disqualification of a judge of a court of record, where he is interested in the proceeding before him, or related to a party within a certain degree, or in which he has been counsel for either side. Petitioners cite decisions involving disqualification of judges for statutory reasons and for other reasons, including prejudice.

The defect in petitioners' argument is that they do not refer us to any place in the record where facts and circumstances exist that make the statute and decisions applicable. The trial judge did refuse to grant the plea in abatement and rendered an award against petitioners, and, when acting as presiding judge, restricted argument to 10 minutes. However, petitioners fail to show by argument or authority wherein this is evidence of prejudice requiring the trial judge to disqualify before the court en banc.

■ Petitioners further contend on this proposition of disqualification, that the trial judge, having heard and determined the matter originally, was disqualified to participate in the appeal proceedings and review of the case by the Industrial Court en banc and that his abstention from voting did not cure or excuse his failure to

disqualify. They cite statutes from other jurisdictions prohibiting an appellate judge from hearing or taking part in a case on appeal from the decision of a case or issue tried by him. They cite no Oklahoma statute or authority that is applicable to the State Industrial Court.

The statute, 85 O.S.1961, § 77, permitting appeals to the entire court, provides that the entire court, or a majority thereof, sitting as a body shall hear the appeal and upon completion thereof shall issue such order, decision or award as it may deem proper, just and equitable. There is no limitation therein concerning the trial judge participating in the hearing on appeal.

In Osborne v. State Industrial Commission, 188 Okl. 616, 112 P.2d 384, the petitioner complained that the trial commissioner, who held the original hearing, sat with two others to hear the proceeding on appeal, but admitted he knew of no authority to support the claimed error. We stated therein that we knew of no such authority, and since the statute, supra, provided that on appeal three of the commissioners were a majority authorized to hear the appeal and this procedure was followed, we would regard the claimed error as without merit.

We therefore conclude that the presiding judge on appeal was not disqualified by reason of prejudice or because he was the trial judge.

■ Petitioners contend in a number of related propositions that the Industrial Court erred in refusing to recognize and sustain the claimant's dismissal without prejudice in case No. D–47196 and also erred in refusing to sustain petitioners' plea in abatement filed in No. D–47196.

Petitioners' argument is that 85 O.S.1961, § 91, changed the name of the State Industrial Commission to "State Industrial Court" and made it a court of record; that the Industrial Court had promulgated a rule (85 Chap. 4, Appendix, Rule 2) providing that unless otherwise provided by statute or other rules, the rules of pleading

and practice in the District Court should be followed; and that, since both "actions" were between the same parties and involved the same accident, the pendency of the prior action abated the later filed action, citing Oklahoma Press Pub. Co. v. Gulager, 168 Okl. 245, 32 P.2d 723, where two suits between the same parties and on the same cause of action for damages were filed in the District Courts of two different counties.

We do not agree with this contention. The refusal of the trial judge to abate or dismiss the second filed claim was without doubt based upon his belief that the claimant should have a full and complete hearing as to all his claimed injuries and disabilities arising out of the alleged same and single injury.

In Mudge Oil Co. v. Wagnon, 193 Okl. 466, 145 P.2d 185, we held that the purpose of the Workmen's Compensation Act (85 O.S.1961, § 1 et seq.) is to compensate for loss of earning power from inability to work and consequently all inquiries are directed toward ascertaining the extent of such loss. The change in the name from Commission to "Court" should not diminish the purpose of the Act.

■ Furthermore, we have held in decisions promulgated since the change in name that the strict procedural rules applied to courts of general jurisdiction are not applicable to pleadings and practice before the State Industrial Court. Bland v. Eagle-Picher Co., Okl., 356 P.2d 1097, and Baroid Division National Lead Company v. Moore, Okl., 356 P.2d 563.

There is no merit in the proposition of error advanced by petitioners.

Petitioners further contend that case No. D–47196, filed one year and twenty-seven days after the accident, was forever barred under the express provisions of 85 O.S. 1961, § 43.

The applicable portion of the statute provides that the right to claim compensation under the Act shall be forever barred unless within one year after the injury or death, a claim for compensation thereunder

shall be filed with the Commission (Court), provided, however, that claims may be filed at any time within one year from the date of the last payment of any compensation or remuneration paid in lieu of compensation.

As stated above, it was in case No. D–47196, filed January 27, 1967, that claimant for the first time claimed an injury to his back. The purpose of this proposition is to secure a reversal of that part of the award giving claimant compensation for disability to his back.

There is no dispute that claimant slipped on a scaffold and fell nine feet to the concrete floor whereby the heel bone in his right foot was fractured and his right ankle was wrenched; that he was treated by a Dr. W, who was furnished by petitioners, and that a cast was placed on his foot and ankle and the cast and new casts were worn by claimant for about four months; and that claimant received medical treatment from Dr. W, until about June 8, 1966, when he was referred to petitioners' Dr. B for further treatment. Claimant testified he fell on his right foot and buttocks and that he complained to Dr. W and later to Dr. B of pain in his back, and that when he walked with the cast on his foot, and also when he walked after the cast was removed, he limped and had pain in his back. The reports of Dr. B recite a series of examinations and treatments of the right foot and ankle, beginning June 8, 1966, and continuing to May 31, 1967. Dr. B's reports recite that on December 31, 1966, the claimant complained of pain in the left hip and low back; that on February 18, 1967, claimant complained of pain in the region of the coccyx; and that on May 31, 1967, the claimant complained of pain in his hips and buttocks. Dr. B's reports recite that claimant walked with a pronounced limp and ·xpressed the opinion that claimant's pai in the lower back was a complication resulting from attempting to protect one extremity that was painful, and in another report that the pain in the hips was not related to the fracture of the heel bone. The X-rays taken by Dr. B showed osteoporosis of the lumbar spine and pelvis, with narrowing of the lumbosacral disc spaces, indicating old, degenerative discs of long duration.

Dr. R testified for claimant that his examination of claimant reflected lipping and spurring in the inferior regions of the cervical area, and a partial sacralization of the fifth lumbar vertebra, and that the accident had resulted in aggravation of a congenital condition consisting of an overlap of the transverse processes of the fifth lumbar onto the pelvic structures.

It is petitioners' position that claimant knew of an injury to his back, but failed to file a claim for such injury within one year, and is consequently barred by 85 O.S.1961, § 43, supra. Petitioners join with this proposition the contention that claimant also failed to give notice of the injury to his employer within 30 days after the injury, as required by 85 O.S.1961, § 24.

Petitioners cite Hambley v. Foster Wheeler Corporation, Okl., 395 P.2d 582, and cases discussed therein for the rule of law that a claim for an industrial back injury allegedly sustained by claimant was barred by the one year statute of limitation where, although claimant originally filed a claim for leg injury, he failed to claim compensation for back injury, which he was aware of within 30 days after accident, until amended claim was filed approximately two and one-third years after date of alleged back injury.

Petitioners also cite the holding in Dover Oil 'Corporation v. Bellmyer, 175 Okl. 19, 52 P.2d 761, and Finance Oil Co. v. James, 188 Okl. 372, 109 P.2d 818, that, where the employee gave notice or filed a claim for injury to an extremity, and then complained to the physician who attended him of an injury to his back, the complaint to the physician was not notice of such injury to the employer.

We do not question the above statements of law. However, we are of the opinion that they are not applicable in the present situation.

There is evidence and testimony that claimant walked with a severe limp during the four months that he wore the cast and also after the cast was removed; there is undisputed proof that there was an old and degenerative condition of the lumbar spine and pelvis; and there is medical evidence that the pain claimant has in his back was caused by his body attempting to assume a protective position in relation to the injured foot. Under this state of the record there is evidence that the aggravated condition to claimant's back developed in the period subsequent to the accident. There is competent evidence that reasonably supports the back award.

In Forrest Oil Corporation v. Breshears, 201 Okl. 116, 202 P.2d 706, the employee suffered a leg and hip injury. During his hospital confinement he developed a prostate condition and hemorrhoids and aggravated arthritis. There was medical testimony that these conditions could be due to hospitalization and long lying in bed. The employer and insurer objected to the employee filing an amended claim for these new conditions after expiration of a year from the original injury, and urged they were barred by the one year statute (§ 43, supra). We held it was not necessary to file a new claim and that the one year limitation statute and the 30 day notice statute (85 O.S.1961, § 24) were not applicable to these new conditions for the reason that an injured employee was not bound to know or gauge the extent of his injuries nor their future developments. Citing the Dover Oil Corporation case and other decisions. See also National Zinc Company v. Carter, Okl., 442 P.2d 488.

From our examination of the record it is our opinion that there was competent evidence from which the Industrial Court could reasonably conclude that the claimant's back condition was aggravated or caused in part by the abnormal way in which, over an extended period of time, claimant had to stand or walk. In the language of the Breshears case, supra, the present claimant was not bound to know or to gauge the extent of his injuries nor their future developments.

Petitioners' claim of error is not sustained by the record and the law.

Award sustained.

IRWIN, C. J., and WILLIAMS, BLACKBIRD, JACKSON, HODGES, LAVENDER and McINERNEY, JJ., concur.