2002 OK 89

**LAMSON & SESSIONS and Pacific Employers Insurance Co., Petitioners,**

v.

**David DOYLE and The Workers' Compensation Court, Respondents.**

**No. 96,594.**

Supreme Court of Oklahoma.

Nov. 12, 2002.

*OPINION*

WATT, Vice Chief Justice:

¶1 Respondent, David Doyle ("Claimant"), petitioned this Court for certiorari review of the Court of Civil Appeals' ("COCA") opinion, reversing the order of the Workers' Compensation Court on statute of limitations grounds. In support of his petition, Claimant has alleged the COCA decided questions of substance in a way which are probably not in accord with applicable decisions of this Court. Specifically, he alleges his Form 9, filed on March 8, 2001, was sufficient to give timely and adequate notice to Employer of his consequential injury to his bowel and therefore satisfied the applicable statute of limitations. The dispositive issues are: (1)

whether Petitioner, Lamson & Sessions ("Employer"), received adequate notice of the claim for benefits for Claimant's consequential bowel injury after surgery for a compensable back injury; and (2) whether Claimant was required to file a new or amended Form 3 for the consequential injury. We answer the first question in the affirmative and the second question in the negative. The COCA committed error when it held Claimant's consequential bowel injury was barred because he did not file an amended Form 3 within the time allowed by the statute of limitations. See 85 O.S. Supp.1997 § 43(A),[1] the statute in effect at the time of Claimant's injury. The opinion of the COCA is vacated, and the order of the Workers' Compensation Court is sustained.

## FACTUAL BACKGROUND

¶2 Claimant sustained a work-related back injury in 1999. As treatment for his back, surgery was performed on February 8, 1999. Although the Form 3 is not included in the record on review, Claimant alleges he filed it to commence the claim for his back injury in the Workers' Compensation Court in April, 1999. This appears to be undisputed. The trial court awarded Claimant temporary total disability in February, 2000.

¶3 After his surgery, Claimant developed problems with controlling his bowel functions. On March 8, 2001, Claimant filed a Form 9, "Motion to Set Hearing", requesting permanent total disability benefits for his back injury and for the consequential injury to his bowels.[2] In support of his request, he

---

1. A. The right to claim compensation under the Workers' Compensation Act shall be forever barred unless, within two (2) years after the date of accidental injury or death, a claim for compensation is filed with the Workers' Compensation Court. Provided however, a claim may be filed within two (2) years of the last payment of any compensation or remuneration paid in lieu of compensation or medical treatment which was authorized by the employer or the insurance carrier. Provided further however, with respect to disease or injury caused by repeated trauma causally connected with employment, a claim may be filed within two (2) years of the date of last trauma or hazardous exposure. Provided further however, in the case of asbestosis, silicosis or exposure to nuclear radiation causally con-

nected with employment, a claim may be filed within two (2) years of the date of last hazardous exposure or within two (2) years from the date said condition first becomes manifest by a symptom or condition from which one learned in medicine could, with reasonable accuracy, diagnose such specific condition, whichever last occurs. The filing of any form or report by the employer or insurance carrier shall not toll the above limitations.

2. Claimant also requested compensation for sexual dysfunction as a consequence of his back injury. However, the trial court denied compensation for this, and Claimant did not seek review of that ruling.

attached a written medical report from his doctor, Dr. Melissa Smith–Horn.. She gave an opinion Claimant's bowel injury was a consequence of his employment-related back injury and rated his disability at "19% permanent partial impairment to the body as a whole due to loss of bowel control...."[3] Employer objected to the request for permanent disability on the grounds that Claimant had not amended his Form 3 to add the consequential injuries, and that these claims were therefore barred by the statute of limitations. The trial court overruled Employer's objection and awarded Claimant permanent total disability compensation.

¶4 The COCA reversed the trial court's order, finding Claimant's failure to amend his Form 3 to include the bowel injury barred the claim. It held:

> Section 43(A) prescribes the two-year time limit for filing a Form 3. Indeed, it is the Form 3 which initiates the claim process. *Benning v. Pennwell Pub. Co.,* 1994 OK 113, ¶2 nn.2–3, 885 P.2d 652. The purpose of the Form 9 is simply to set the matter for trial. Here, Claimant's Form 9 indicated that the issues to be tried were permanent total disability and continuing medical treatment. The information on the Form 9 was insufficient to place Employer on guard that Claimant would be alleging consequential injury to the bowels.
>
> Moreover, although Dr. Smith–Horn's medical report stated that Claimant had sustained bowel impairment, it would place an unreasonable burden upon Employer to require it to read the medical report and anticipate all of the issues to be raised at trial. *We are in agreement with Employer that claimant should have amended his Form 3 or filed a new Form 3 for his claim of consequential injury to the bowels.* The filing of the Form 9 with an attached medical report was not sufficient to satisfy the statute of limitations and place Employer on notice that Claimant would be alleging a consequential injury. [Emphasis supplied.]

3. She explained in her deposition that Claimant's bowel symptoms began postoperatively, after he left the hospital. She stated that an exam showed he had very loose anal sphincter tone,

## DISCUSSION

¶5 The COCA relied upon *Phillips v. Duke Manufacturing, Inc.,* 1999 OK 25, 980 P.2d 137, cited by Employer as authority that the claimant violated the statute of limitations and that he was required to amend his Form 3 or file a new claim to give notice of a consequential injury. This Court noted the *Phillips* claimant filed "an amended form" to seek compensation for the consequential injury to his neck. However, the issue in *Phillips* was whether the claimant could receive temporary disability benefits for a consequential neck injury received during physical therapy for his original injuries. He had received the maximum compensation for his original injuries under 85 O.S. § 22(2)(b). This Court held he was entitled to temporary total compensation because the neck injury was a "new injury" which arose out of a separate incident. We held it arose as a consequence of treatment for the original injury and caused additional disability. In so holding, however, this Court construed § 22, not the statute of limitations under § 43.

¶6 In *Ada Iron & Metal Company v. Tarpley,* 1966 OK 202, 420 P.2d 886, the claimant sought compensation for disability sustained to his right leg as a result of being in traction for treatment of the original compensable injury to his back. The employer argued the claimant was not entitled to compensation for his right leg because no claim was asserted within one year of the original injury. In discussing the belated assertion of an "injury", as distinguished from the belated assertion of a "disability", this Court held:

> The law is settled beyond reasonable cavil that an employer is liable for all legitimate consequences flowing from any injury compensable under the Workmen's Compensation Law, and the injured workman is entitled to recover, under the schedule of compensation, for the extent of his disability based upon the ultimate result of the compensable injury, without regard to increase of or aggravation of his disability by legitimate consequence occur-

often caused by damage to the nerve during surgery. She also stated Claimant complained that his pain medication, taken for his back injury, caused constipation.

ring subsequent to the time of injury. *Barnsdall Refining Co. v. Ramsdall,* 149 Okl. 99, 299 P. 499; *Booth & Flinn v. Cook,* 79 Okl. 280, 193 P. 36.

. . .

[I]n the instant case there was no belated assertion of other *injury.* The assertion is of *disability,* resulting from an injury in connection with which timely claim for compensation was made. [Emphasis supplied.]

*Ada Iron & Metal Company v. Tarpley,* 1966 OK 202, ¶¶ 7, 10, 420 P.2d 886, 888–89. See also *J.E. Carlson, Inc. v. White,* 1969 OK 46, 452 P.2d 145; and *Forrest Oil Corp. v. Breshears,* 1949 OK 14, 202 P.2d 706, wherein we held it was not necessary to file a new claim under similar circumstances because an injured employee was not bound to know or gauge the extent of his injuries nor their future developments.

¶ 7 Under the Act, "injury" includes the consequences that naturally flow from the injury. The definition of "injury" under the Workers' Compensation Act is found at 85 O.S. Supp.1997 § 3(10):

> 10. a. "Injury" or "personal injury" means only accidental injuries arising out of and in the course of employment *and such disease or infection as may naturally result therefrom* and occupational disease arising out of and in the course of employment as herein defined. . . . [Emphasis supplied.]

■ ¶ 8 In this case, Claimant provided competent medical evidence, in the form of Dr. Smith–Horn's written report and deposition testimony, that his bowel condition occurred as a consequence of his work-related back injury. This was the trial court's finding. Therefore, as a matter of law, Claimant's consequential bowel injury was properly brought before the court pursuant to Claimant's Form 9.

■ ¶ 9 The defense of statute of limitations is treated as a true affirmative defense, rather than as a jurisdictional question, and is not independently reviewed by this Court. See *Special Indemnity Fund v. Choate,* 1993 OK 15, 847 P.2d 796; *Leach v. Hamilton Trucking Co.,* 2002 OK CIV APP 11, 39 P.3d 824. If the determination of the Workers' Compensation Court is reasonably supported by the evidence and not otherwise contrary to law, it will not be disturbed on review. As an affirmative defense, Employer had the burden of proof to show Claimant's request was time-barred. *Special Indemnity Fund v. Choate,* 847 P.2d at 804.

¶ 10 The trial court specifically ruled that Employer's statute of limitations defense "relative to claimant's consequential injuries and disabilities (SEXUAL DYSFUNCTION AND BOWEL DISORDER) is DENIED." In vacating the trial court's order, the COCA relied on the fact the Form 3 was not amended to include the bowel injury within two years of the time Claimant discovered it was an employment-related injury. That holding was erroneous as a matter of law because competent evidence supported the trial court's finding that Claimant sustained a consequential injury to his bowel system. Claimant sought compensation for additional "disability" for this "consequential injury" which occurred as a result of his original back injury. If the original Form 3 was timely filed, the additional disability Claimant sought as a consequential injury was also timely filed.[4] Therefore, the trial court's denial of Employer's statute of limitations defense was supported by competent evidence and should not have been disturbed.

¶ 11 Our holding today regarding the statute of limitations should not be interpreted to mean Claimant did not need to give Employer notice of his request for additional compensation to allow it to prepare an adequate defense. The Form 9, with medical evidence attached, served this purpose. As noted by Claimant, Employer was apparently adequately informed by the Form 9. Employer presented an addendum to the previously

---

4. In its appellate brief considered by the COCA, Employer argued Claimant was aware of his bowel injury at the time of his hospitalization. Employer thus argued the Form 3 giving notice of his back injury should have included the bowel, as well. However, the evidence of Claimant's awareness of the bowel condition, through his testimony, indicates although he noticed it, he did not know what was causing it. In fact, he testified he was told that his medication caused constipation, and that anesthesia sometimes causes the system to shut down. However, he testified he was not given a reason why he lost control of his bowels.

submitted medical opinion of its expert, Dr. Pettigrew, in response to Dr. Smith–Horn's opinion. Moreover, Employer took Dr. Smith–Horn's deposition.

¶ 12 The probative value and weight to be given medical evidence is an issue for the Workers' Compensation Court's determination. Evidence of one expert may be accepted while that of another may be rejected in whole or in part. See *Department of Public Safety v. Jones,* 1978 OK 64, 578 P.2d 1197. Based on all of the evidence, which was disputed, the trial court found Claimant sustained consequential injury to his bowel system and awarded permanent total disability. Findings of fact made by the workers' compensation court are binding and conclusive in review proceedings before this Court, unless they lack support in competent evidence. *Parks v. Norman Municipal Hospital,* 1984 OK 53, 684 P.2d 548. It is only when factual findings lack support in competent evidence that the trial court's decision may be determined to be erroneous as a matter of law. *Parks,* supra. The trial court's findings of fact and permanent total disability award are supported by competent evidence. The COCA erred when it vacated it.

### CONCLUSION

¶ 13 The trial court's order awarding Claimant permanent total disability was supported by competent evidence that the bowel condition was related to the original injury to his back. The statute of limitations defense for the bowel injury is inapplicable to the facts presented in this case because the evidence shows it was a consequential injury of his original back injury. No amended Form 3 was required under the circumstances in this case.

**CERTIORARI PREVIOUSLY GRANTED. THE OF THE COURT OF CIVIL APPEALS IS VACATED AND THE ORDER OF THE WORKERS' COMPENSATION COURT IS SUSTAINED.**

ALL JUSTICES CONCUR.