2007 OK CIV APP 48

**PUBLIC SUPPLY COMPANY and Old Republic Insurance Company, Petitioners,**

v.

**Kerry MUCKER and the Workers' Compensation Court, Respondents.**

**No. 103,427.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Feb. 1, 2007.

Rehearing Denied March 1, 2007.

Certiorari Denied May 14, 2007.

C. Scott Beuch, C. Scott Beuch & Associates, Oklahoma City, OK, for Petitioners.

John C. Forbes, Forbes & Forbes, Midwest City, OK, and John C. McMurry, John C. McMurry, P.C., Oklahoma City, OK, for Respondent.

ROBERT DICK BELL, Judge.

¶1 On July 18, 2005, Respondent, Kerry Mucker (Claimant), injured his right hand and arm while working for Petitioner, Public Supply Company (Employer). Claimant underwent surgery that day and received follow-up care from a different physician. He was eventually referred to Dr. Thomas Howard, who caused Claimant to undergo physical therapy. Dr. Howard released Claimant to work in September, 2005, and rated the permanent partial disability (PPD) of Claimant's right hand at 5%. Claimant thereafter consulted Dr. John W. Ellis, who rated Claimant's right hand having much more PPD.

¶2 At trial, Employer admitted a work-related injury, but disputed the amount of PPD benefits due. Specifically, Employer objected to Dr. Ellis' medical report on the sole basis that the doctor was neither a treating physician nor an independent medical examiner (IME). Employer argued only an IME could rebut the presumption of correctness of the treating physician's impairment rating pursuant to 85 O.S. Supp.2005 § 17. The Workers' Compensation Court overruled the objection and found 20% PPD to Claimant's right hand. The trial court specifically held the presumption in favor of Dr. Howard's PPD rating was overcome by Dr. Ellis' report. A three-judge panel of the Workers' Compensation Court (Panel) sustained the

award. From said order, Employer seeks review by this Court.

■ ¶ 3 Employer's sole contention on review is that the Workers' Compensation Court erred in admitting-and the Panel erred in considering-the medical report of Dr. Ellis. Employer asserts under § 17, only a court-appointed IME can rebut the presumption of correctness of the treating physician's PPD rating, and then only if the IME determines the opinion of the treating physician is not supported by objective medical evidence. Because Dr. Ellis was not a treating physician nor appointed by the court as an IME, Employer argues the disability award should have been based solely upon Dr. Howard's opinion.

¶ 4 This Court recently addressed a similar argument in *Rush Truck Ctr./OKC v. Watson,* 2007 OK CIV APP 37, 159 P.3d 1146, filed January 19, 2007, where we held an interpretation of § 17 as advanced by Employer here would deprive a workers' compensation litigant of fundamental due process of law and result in legislative encroachment on judicial independence.[1] The same rationale set forth in *Watson,* restated in large part below (but not quoted because *Watson* is not yet final or published), applies equally to the case at bar.

¶ 5 Section 17 sets forth the method by which the Workers' Compensation Court is to measure the extent of an injured worker's disability. Subsection 17(A)(1) states in relevant part:

*The determination of disability shall be the responsibility of the Workers' Compensation Court.* Any claim submitted by an employee for compensation for permanent disability must be supported by competent medical testimony which shall be supported by objective medical findings, as defined in Section 3 of this title, and which shall include an evaluation by the treating physician or an independent medical examiner if there is no evaluation by the treat-

ing physician, stating his or her opinion of the employee's percentage of permanent impairment and whether or not the impairment is job-related and caused by the accidental injury or occupational disease. A copy of any written evaluation shall be sent to both parties within seven (7) days of issuance. Medical opinions addressing compensability and permanent impairment must be stated within a reasonable degree of medical certainty. (Emphasis added.)

Nowhere does this provision purport to exclude other evidence. Subsection 17(A)(2)(a) states there is a rebuttable presumption in favor of a treating physician's opinion and subsection (b) sets forth the procedure for so doing. Subsection (b) also provides the trial court must detail its rationale if it deviates from the opinion of the treating physician as opposed to the IME.

¶ 6 The proper manner in which the trial court should evaluate PPD cases for workers' compensation under § 17(A), where a party objects to the treating physician's opinion, is to allow that party to submit its own medical opinion. Such procedure will assist the judge in reaching a more informed decision regarding an injured worker's disability. As the first sentence of § 17(A)(1) makes clear, it is the responsibility *of the trial court* to determine the disability of an injured worker. To permit a treating physician to exclusively decide a worker's disability would usurp the authority of the trial judge in contravention of § 17. The Legislature could not have intended such a result. *See* also § 17(A)(2)(b) which specifically authorizes the trial court to "establish its own opinion within the range of opinions of the treating physician and the Independent Medical Examiner."

¶ 7 Adoption of Employer's arguments regarding the construction and application of § 17 would result in legislative encroachment on judicial independence. In *Yocum v. Greenbriar Nursing Home,* 2005 OK 27, 130

---

**1.** The Oklahoma Supreme Court denied a motion to treat *Watson* and this case as companion appeals.

P.3d 213, the Court addressed an argument that the predecessor of § 17 required the Workers' Compensation Court to elevate the probative value of an IME's opinion. The Court held:

> A legislative command to adjudicate a fact by a predetermined statutory direction would constitute an impermissible invasion into the realm of judicial independence. It encroaches upon the free exercise of decision making powers reserved to the judiciary. Were the Legislature to require that the Workers' Compensation Court accord an elevated degree of probative value to an IME report its enactment would impermissibly rob that tribunal of its independent power to establish impairment or disability within the range of received competent evidence. The Legislature is confined to mandating what facts must be adjudged. It may neither predetermine adjudicative facts nor direct that their presence or absence be found from any proof before a tribunal.

*Id.,* 2005 OK 27 at ¶ 14, 130 P.3d at 220–1 (emphasis and footnotes omitted).

■ ¶ 8 *Yocum* applies equally to Employer's arguments in this case. The Legislature may not predetermine by statutory direction the superiority of a treating physician's report. Trial courts must maintain authority "to establish impairment or disability within the range of received competent evidence." *Id.*

■ ¶ 9 We further hold due process of law commands a workers' compensation litigant-claimant or respondent-be allowed to introduce its own expert medical evidence. "Inherent in the [Oklahoma Constitution] Article II, § 7, standards of due process of law is the element of an opportunity to be heard." *Crussel v. Kirk,* 1995 OK 41, ¶ 14, 894 P.2d 1116, 1121 (footnotes and emphasis omitted).

> "A party's opportunity to present its case is an essential element of due process." Due process requires an orderly proceeding in which the parties are given "an

opportunity to be heard, and to defend, enforce and protect their rights."

\* \* \*

> Just as a trial without a right to cross examine adverse witnesses denies one due process, so, too, a hearing in which one has no opportunity to present witnesses for refutation of the adverse position offends the litigant's fundamental right to due process of law. An opportunity fully to develop the facts is essential.

*Towne v. Hubbard,* 2000 OK 30, ¶ 19, 3 P.3d 154, 162 (citations and emphasis omitted).

■ ¶ 10 A workers' compensation litigant must be afforded the opportunity to present its own medical evidence regarding disability. This rule, mandated by fundamental due process, applies equally to claimants and respondents. Consequently, we hold § 17 does not preclude a litigant from introducing its own expert medical evidence to either bolster or refute the opinion of the treating physician.

¶ 11 On the basis of the foregoing, we conclude the trial court and the Panel properly considered the medical report of Dr. Ellis. Consequently, we find the award of 20% PPD is supported by competent medical evidence. *See Himes v. Country Style Health Care, Inc.,* 1999 OK CIV APP 49, ¶ 11, 982 P.2d 535, 537 (properly admitted medical report is competent evidence to support disability award). The judgment of the Panel is therefore sustained.

¶ 12 SUSTAINED.

HANSEN, P.J., and BUETTNER, J., concur.