2012 OK CIV APP 110

**CENTRAL STATE COMMUNITY SERVICE and American Home Assurance, Petitioners,**

v.

**Cassia ANDERSON and the Workers' Compensation Court, Respondents.**

No. 109,795.

Court of Civil Appeals of Oklahoma, Division No. 1.

April 13, 2012.

Certiorari Denied Nov. 29, 2012.

Antonio L. Jeffrey, Catherine C. Taylor, Perrine, McGivern, Redemann, Berry & Taylor, P.L.L.C., Tulsa, Oklahoma, for Petitioners.

Michael R. Green, Valerie L. Sparks, Law Office Of Michael R. Green, PLLC, Tulsa, Oklahoma, for Respondent Cassia Anderson.

KENNETH L. BUETTNER, Presiding Judge.

¶1 Petitioners Central State Community Service and American Home Assurance (collectively, Employer) seek review of an order of a three-judge panel of the Workers' Compensation Court which affirmed the trial court's order. The trial court found that Cassia Anderson (Claimant) sustained compensable injuries to her head and neck and a consequential injury to her back and awarded her TTD benefits. Employer asserts that the trial court's order is contrary to law. Employer argues that it was denied due process because it did not receive notice that the issue of compensability would be heard during the hearing and it was not given a full and complete hearing on the issue. After *de novo* review, we hold that Employer was denied due process and vacate the order of

the three-judge panel. This case is remanded for a new trial on the issue of compensability.

¶ 2 Employer admitted that Claimant sustained an on the job injury to her back June 1, 2008. Employer paid for her medical treatment and TTD benefits. On December 12, 2008, Claimant amended her Form 3 to add a neck injury. Employer did not deny the neck injury. On November 25, 2009, the trial court found that Claimant sustained a compensable back injury and authorized medical treatment. The trial court reserved the issues of injury to other body parts for a future hearing. Claimant amended her Form 3 and added a head injury January 11, 2010. Employer denied the head injury. Claimant had back surgery June 7, 2010. On July 26, 2010, Claimant had a leg spasm, fell in the shower, and injured her back. Claimant's treating physician, Dr. Anagnost, was unavailable. As a result, Claimant was examined by Dr. Wilson.

¶ 3 Thereafter, Employer filed a motion to terminate TTD based on an intervening accident. On December 10, 2010, Claimant filed her objection to Employer's motion to terminate TTD and attached Dr. Hastings's medical report finding Claimant sustained head, neck, and consequential back injuries and needed additional treatment. Claimant also filed a request for a 52–week extension of TTD and authorization of EMG. Employer received Notice of Hearing from the Workers' Compensation Court February 9, 2011. The hearing was scheduled for March 10, 2011. Employer was scheduled to depose Dr. Wilson March 3, 2011. However, Dr. Wilson cancelled, and the deposition was rescheduled for April 7, 2011. On March 3, 2011, Employer filed a motion to continue the March 10, 2011 hearing in order to depose Dr. Wilson prior to the hearing. Two days before the scheduled hearing, Employer filed a Form 10, in which it denied the head injury and asserted intervening accident as an affirmative defense.

¶ 4 On the day of the March 10, 2011 hearing, Claimant amended her Form 3 and added a consequential injury to her back. During the hearing, Claimant requested that the trial court find she sustained a compensable injury to her head and neck and a consequential injury to her back. Employer objected and argued that the compensability of the head, neck, and consequential back injuries was not an issue to be tried before the court that day.[1] Employer also requested a continuance in order to depose Dr. Wilson prior to a trial on compensability. The trial court overruled the Employer's objections and request for a continuance.[2]

¶ 5 The trial court's order, issued March 16, 2011, found:

> THAT the major cause of injury to claimant's HEAD, NECK and LUMBAR BACK arose out of and in the course of claimant's employment on JUNE 1, 2008. Claimant sustained additional injury to the LOW BACK as a consequential injury from a fall JULY 26, 2010 which resulted in surgery to the LUMBAR BACK. Later surgery to the LUMBAR BACK arose out of and in the course of original injury. Claimant's injury to the HEAD, NECK and BACK constitutes permanent anatomical change to each body part.
>
> . . .
>
> THAT respondent failed in its burden of proof to establish by a preponderance of the evidence that claimant's injury to the HEAD, and NECK and consequential injury to the BACK were the result of an intervening accident. Rather, the evidence finds claimant's subsequent injury oc-

---

1. Employer argues on appeal that the trial court's order finding Claimant sustained head, *neck,* and consequential back injuries violated due process. However, during trial, Employer acknowledged it never denied Claimant's neck injury claim, and the neck was an admitted injury. Therefore, whether the trial court's finding that Claimant sustained a compensable neck injury violated due process is not an issue on appeal.

2. The trial court overruled Employer's motion to continue off the record during the pretrial conference. After going on the record, the trial court overruled the motion from the bench. The trial judge excused himself from the courtroom and allowed Employer to make a record of its objection to trying the compensability issues that day.

curred during recuperation from original BACK surgery JULY 26, 2010.

Claimant was awarded TTD benefits.

¶ 6 Employer appealed to a three-judge panel of the Workers' Compensation Court. In its Request for Review, Employer submitted that the trial court's order was contrary to law because it addressed issues that were not on for consideration pursuant to regular assignment and hearing on March 10, 2011. Before the panel, Employer argued that its motion to terminate TTD, Claimant's objection, Claimant's request for a 52–week extension of TTD, and Claimant's request for authorization of EMG were the only issues to be heard at the March 10, 2011 hearing. Employer asserted that it was not on notice that compensability would be tried that day, and the trial court erred by forcing Employer to try those issues. Employer explained that it needed a continuance to obtain supplemental medical evidence from Dr. Wilson. The panel found that the trial court's order was not against the clear weight of the evidence or contrary to law and affirmed.

¶ 7 Employer now seeks review. The issue on appeal is whether the trial court's March 16, 2011 order finding Claimant sustained a compensable head injury and consequential back injury violated due process.[3] Employer asserts it was denied due process because (1) it did not have notice that the compensability of head and consequential back injuries were issues that would be tried at the March 10, 2011 hearing; and (2) it was denied a full and complete hearing on the issue of compensability.

¶ 8 Employer asserts that the Notice of Hearing issued by the Workers' Compensation Court February 9, 2011 identified four issues to be heard on March 10, 2011:(1) Employer's motion to terminate TTD, (2) Claimant's objection to Employer's motion to terminate TTD, (3) Claimant's request for a 52–week extension of TTD, and (4) Claimant's request for an authorization of EMG. Employer argues that, because it did not have notice that compensability would be tried March 10, 2011, it had not yet gathered evidence to refute Claimant's allegations that she sustained a head injury and consequential back injury, and it had no choice but to submit insufficient evidence. Employer argues that, because Dr. Wilson cancelled the deposition and could not reschedule until April, it did not have an opportunity to depose Dr. Wilson about the shower injury and develop an intervening accident defense. The trial court denied Employer's motion to continue in order to depose Dr. Wilson. Employer asserts that without an opportunity to depose Dr. Wilson prior to the hearing, it was denied a full and complete hearing on compensability. Employer also notes that Claimant did not amend her Form 3 to add a consequential back injury until the morning of the hearing.

¶ 9 Claimant responds that Employer was put on notice of the compensability issue prior to the hearing and had the opportunity to be heard. Claimant argues that on November 25, 2009, the trial court awarded TTD benefits for the original back injury and reserved the issue of injuries to other body parts for a future hearing. It is Claimant's position that although she did not amend her Form 3 to add a consequential back injury until the day of the hearing, Employer had notice of the claim prior to trial. Employer knew about the shower incident. After Employer filed a motion to terminate TTD, Claimant filed a Form 9 motion to set for trial and endorsed Dr. Hastings's report finding a head injury and consequential back injury. Claimant argues that the attached report made Employer aware of her allegations of head and consequential back injuries. Claimant's treating physician, Dr. Anagnost, was deposed December 16, 2010. Dr. Anag-

---

3. Claimant filed a Motion for Leave to File a Response to Reply Brief. Claimant's motion is denied. On March 24, 2011, Claimant filed a Form 13 motion for a protective order to prohibit Employer from deposing Dr. Wilson. The trial court granted the protective order April 5, 2011. Employer appealed the protective order. The panel heard arguments regarding the trial court's March 16, 2011 order finding compensability and awarding TTD and the trial court's April 5, 2011 order granting the protective order at the same time. The panel vacated the protective order. Employer only appeals the panel's order affirming the trial court's May 16, 2011 order finding compensable injuries and awarding TTD to Claimant. Arguments based on the protective order will not be considered.

nost testified that Claimant sustained a consequential back injury. Claimant argues that because Employer had received all of Claimant's medical evidence before the March 10, 2011 hearing, it had adequate notice that compensability was an issue to be tried. Claimant suggests that notice is not limited to the docket Notice of Hearing issued by the Workers' Compensation Court; rather, the pleadings define the issues.

¶ 10 Claimant relies on *Lamson & Sessions v. Doyle*, 2002 OK 89, 61 P.3d 215, for her position that Dr. Hastings's report finding a head injury and consequential back injury attached to the Form 9 motion to set for trial sufficed to give Employer notice that the issues would be tried at the March 10, 2011 hearing. In *Lamson*, the Oklahoma Supreme Court held that the statute of limitations did not bar the claimant's consequential injury claim even though the claimant did not amend his Form 3 by adding a consequential injury. *Id.* ¶ 13, 61 P.3d at 219. The Court noted:

> Our holding today regarding the statute of limitations should not be interpreted to mean Claimant did not need to give Employer notice of his request for additional compensation to allow it to prepare an adequate defense. The Form 9, with medical evidence attached, served this purpose. As noted by Claimant, Employer was apparently adequately informed by the Form 9. Employer presented an addendum to the previously submitted medical opinion of its expert [in response to Claimant's expert opinion]. Moreover, Employer took [Claimant's expert's] deposition.

*Id.* ¶ 11, 61 P.3d at 218–19. This case is distinguishable from *Lamson*. First, the statute of limitations is not an issue raised in this appeal. Employer is not arguing that it did not have notice of the head and consequential back claims. Rather, Employer argues that it did not have notice that the claims would be tried on March 10, 2011. Second, the employer in *Lamson* had the opportunity to develop its defense and depose medical experts prior to trial. In this case, Employer was denied the opportunity to prepare an adequate defense. Dr. Wilson cancelled the deposition before trial, and the trial court denied a continuance in order to depose him.

¶ 11 The Oklahoma Supreme Court has long held that the essential elements of due process of law are: (1) notice, (2) an opportunity to be heard, (3) an opportunity to defend, and (4) an orderly proceeding adapted to the nature of the case. *Hauschildt v. Collins*, 1931 OK 619, 152 Okla. 193, 4 P.2d 99, 101 (internal citations omitted). Due process of law commands a workers' compensation litigant—claimant or respondent—be allowed to introduce its own expert medical evidence. *Pub. Supply Co. v. Mucker*, 2007 OK CIV APP 48, ¶ 9, 162 P.3d 234, 237. "Inherent in the Article II, § 7 standards of due process of law is the element of an opportunity to be heard." *Crussel v. Kirk*, 1995 OK 41, ¶ 14, 894 P.2d 1116, 1121. " 'A party's opportunity to present its case is an essential element of due process.' Due process requires an orderly proceeding in which the parties are given 'an opportunity to be heard, and to defend, enforce and protect their rights.' " *Mucker*, 2007 OK CIV APP 48, ¶ 9, 162 P.3d at 237 (citing *Towne v. Hubbard*, 2000 OK 30, ¶ 19, 3 P.3d 154, 162 (internal citations omitted)). The Oklahoma Court of Civil Appeals has previously relied on the Oklahoma Supreme Court's explanation in *Towne v. Hubbard*:

> Just as a trial without a right to cross examine adverse witnesses denies one due process, so, too, a hearing in which one has no opportunity to present witnesses for refutation of the adverse position offends the litigant's fundamental right to due process of law. An opportunity fully to develop the facts is essential.

*Mucker*, 2007 OK CIV APP 48, ¶ 9, 162 P.3d at 237 (citing *Hubbard*, 2000 OK 30, ¶ 19, 3 P.3d at 162).

¶ 12 We hold that when the trial court denied Employer's request for a continuance in order to depose Dr. Wilson prior to trial, Employer was denied the opportunity to defend. Employer was denied due process when it was denied the opportunity to defend. Employer was not afforded the opportunity to fully develop the facts and was therefore denied a full and complete hearing on compensability. The panel's order is va-

cated, and the case is remanded to the Workers' Compensation Court for a new trial on compensability.

¶ 13 VACATED AND REMANDED.

MITCHELL, J. (sitting by designation), concurs.

JOPLIN, V.C.J., dissenting.

¶ 14 Appellant argues that prior to the hearing on March 10, 2011, it had no notice that Appellee was seeking compensation for injuries to her head, neck and consequential injury to her back. And without notice it had no opportunity to defend against Appellee's claims.

¶ 15 On appeal, the majority of this court, after considering this argument and a review of black-letter law regarding lack of notice and opportunity to defend as being violations of due process, *fails* to find that Appellant in fact lacked notice of the claims.

¶ 16 This conclusion was hardly surprising, given that Appellant knew, among other things, that the trial court on November 25, 2009 awarded TTD benefits for the original back injury and reserved the issue of injuries to other body parts for future hearing. Additionally, Appellant knew that Claimant filed a Form 9 motion to set the case for trial and endorsed Dr. Hastings' report "finding a head injury and consequential back injury."

¶ 17 Finally, not only had Appellant received all of Claimant's medical evidence prior to the hearing, but in December 2010, Appellant deposed Claimant's treating physician, Dr. Anagnost, who testified Claimant had sustained a consequential back injury.

¶ 18 So, failing to find a lack of notice was not a surprise. What was completely unexpected, however, was the majority's holding that a simple, discretionary ruling, the denial of a continuance of the hearing to depose a Dr. Wilson, was to be magically elevated to a violation of due process.

¶ 19 This holding by the majority is remarkably unprecedented. The granting or denying of motions for continuance to obtain a deposition are matters addressed to the sound discretion of the trial court. *North American Compress & Warehouse Co. v. Givens,* 1968 OK 121, 445 P.2d 270, 274. And such rulings are reviewed by an abuse of discretion standard, rather than by grave constitutional analysis.

¶ 20 Such a holding is also unprecedented inasmuch as Appellant thought so little of the argument that failure to grant a continuance for failure to take a deposition violated its due process rights, Appellant failed to either raise or argue this issue in its appeal to the en banc panel. And in every other case, such a failure precludes the appellate court from considering an issue raised for the first time on appeal. *Dollar General Corp. v. Instaff Personnel,* 2005 OK CIV APP 86, ¶ 8, 123 P.3d 45, 48.

¶ 21 Moreover, the facts and circumstances of this particular ruling illustrate exactly why this denial was neither a violation of due process nor an abuse of discretion. Claimant's treating physician was Dr. Anagnost and after Claimant sustained a fall while recovering from her original back surgery, she sought treatment from Dr. Anagnost. Because he was on vacation, she was seen by his partner, Dr. Wilson, on that occasion. Subsequent to the Dr. Wilson visit, Claimant continued to be treated by Dr. Anagnost.

¶ 22 In December 2010, Dr. Anagnost was deposed and testified that in his opinion all the conditions associated with Claimant's back were related to the original event and he offered his opinion of the extent of her disability.[4] Such was the state of affairs when the trial court denied Appellant a continuance in order to take Dr. Wilson's deposition. In my opinion, this ruling was neither an abuse of discretion nor a violation of due process. It is impossible for me to envision an end to the mischief created by a holding that a discretionary ruling failing to grant a continuance under these circumstances is a violation of Appellant's due process rights.

¶ 23 I respectfully dissent.

---

4. Appellees allege any such deposition of Dr. Wilson would be at best duplication of Dr. Anag-   nost's testimony.