2014 OK CIV APP 44

Michael SCHMAUSS, Petitioner,

v.

TULSA COUNTY SHERIFFS DEPT., Tulsa County (Own Risk # 11247), and The Workers' Compensation Court, Respondents.

No. 111911.

Court of Civil Appeals of Oklahoma, Division No. 1.

March 21, 2014.

Donald E. Smolen, II, Smolen, Smolen & Roytman, P.L.L.C., Tulsa, Oklahoma, for Petitioner,

Eric L. Tabor, Tulsa, Oklahoma, for Respondents.

LARRY JOPLIN, Presiding Judge.

¶1 Petitioner Michael Schmauss (Claimant) seeks review of the trial court's order determining rate of compensation for purposes of the payment of benefits for permanent partial disability. In this proceeding, Claimant asserts he is entitled to compensation at the rate in effect at the time he became aware of his consequential cumula-

tive trauma injury. Respondent Tulsa County Sheriffs Dept. (Employer) asserts the rate in effect at the time of the original injury applies.

¶2 The facts are undisputed. Claimant filed his Form 3, seeking benefits for a job-related single event injury to his right shoulder on September 19, 2008; the rate for payment of PPD at the time of the injury was $289.00 per week. Claimant later filed an amended Form 3, and alleged he became aware of a consequential cumulative trauma injury to his left shoulder in April 2011; the rate for payment of PPD at the time of his awareness was $323.00 per week.

¶3 The parties appeared for hearing in May 2013. Claimant asserted he was entitled to compensation for PPD to his left shoulder at the rate in effect at the time he became aware of the consequential cumulative trauma left shoulder injury. Employer asserted that Claimant was entitled to compensation for PPD to both the original right shoulder injury and the consequential left shoulder injury at the rate in effect at the time of the original right shoulder injury.

¶4 On consideration of the parties' briefs on the issue, the trial court awarded Claimant benefits for PPD to both the right and left shoulder at the rate in effect at the time of the original right shoulder injury. Claimant appeals, and again argues he is entitled to PPD benefits for the consequential injury to his left shoulder at the rate in effect at the time he became aware of the consequential cumulative trauma injury to his left shoulder in April 2011.

¶5 The parties concede that law in effect at the time of the injury controls both the award of benefits and appellate review. *Williams Companies, Inc. v. Dunkelgod,* 2012 OK 96, ¶14, 295 P.3d 1107, 1111. The parties both argue the question of rate of compensation constitutes one of law, subject to *de novo* review in this Court. *See, e.g., Multiple Injury Trust Fund v. Wade,* 2008 OK 15, ¶12, 180 P.3d 1205, 1208.

¶6 Claimant asserts the date of his awareness of his cumulative trauma injury controls. *See, e.g., American Airlines Inc. v. Crabb,* 2009 OK 68, 221 P.3d 1289; *C.N.A. Ins. Co. v. Ellis,* 2006 OK 81, 148 P.3d 874. Citing *Dunkelgod,* Employer asserts the Claimant's right to benefits became fixed at the time of the original injury, including the right to benefits for any consequential injury. Neither Claimant nor Employer cite any authority directly on point.

¶7 "Ascertaining the time of injury in cumulative-trauma cases is critical for determining (1) whether the claim was timely filed ... and (2) what rate of compensation is to be paid." *PFL Life Ins. Co. v. Franklin,* 1998 OK 32, ¶22, 958 P.2d 156, 165. Indeed, "'the determinative date in ascertaining a disability-and for establishing the applicable rate of compensation... in cumulative effect trauma cases ... is the date the manifested condition first becomes known or should be known as job related.'" *Rankin v. Ford Motor Company,* 1996 OK 94, ¶12, 925 P.2d 39, 40. (Citation omitted.) *See also, Nationwide Environmental Services, Inc. v. Beasley,* 2004 OK CIV APP 17, 84 P.3d 1074[1]; *Parsons v. OXY USA, Inc.,* 1998 OK CIV APP 43, 964 P.2d 913.[2]

¶8 In this respect, "[t]he law is settled beyond reasonable cavil that an employer is liable for all legitimate consequences flowing from any injury compensable under the Workmen's Compensation Law, and the injured workman is entitled to recover, under the schedule of compensation, for the extent of his disability based upon the ultimate result of the compensable injury, without regard to increase of or aggravation of his disability by legitimate consequence occurring subsequent to the time of injury." *Ada Iron & Metal Co. v. Tarpley,* 1966 OK 202, ¶7, 420 P.2d 886, 888. (Citations omitted.) And, "[w]here the evidence establishes two accidental injuries the question of whether or not disability should be attributed to

---

**1.** Held: Order compensating claimant for cumulative trauma injury at the rate in effect on the date of last hazardous exposure sustained.

**2.** Held: Order compensating claimant at the rate in effect on the date she first suffered pain vacated, and cause remanded for determination of date of claimant's awareness of job-related injury, and award at rate that date.

the first accident or the second is a question of fact and depends on whether the disability sustained was caused by a recurrence of the original injury or by an independent and intervening cause." *TRW/Reda Pump v. Brewington,* 1992 OK 31, ¶ 35, 829 P.2d 15, 28. (Citations omitted.)

¶ 9 We think these cases govern in the present case and dictate the order of the trial court should be sustained. If the cumulative trauma injury to Claimant's left shoulder constituted a separate injury, not causally related to the Claimant's original injury to his right shoulder, we believe there would be good reason to hold the separate, distinct cumulative trauma injury to the left shoulder should be compensated at the rate in effect at the time of Claimant's awareness of that injury in April 2011. *PFL Life Ins. Co.,* supra; *Rankin,* supra.

¶ 10 However, the cumulative trauma injury to Claimant's left shoulder has never been treated nor argued as anything other than a consequential injury causally related to the original right shoulder injury. Because the cumulative trauma left shoulder injury is a consequential injury causally related to the original right shoulder injury, and, under *Ada Iron & Metal Co.,* Claimant's right to benefits became fixed at the time of the original injury regardless of any increase in disability as a result of a consequential injury, it stands to reason that the rate of compensation applicable to the original injury should apply to consequential injuries causally related to the original injury.

¶ 11 The trial court so determined in the present case, and we hold the trial court did not err as a matter of law or fact in so ruling. The order of the trial court is SUSTAINED.

HETHERINGTON, V.C.J., and BUETTNER, J., concur.